**Charles Frederick WECK, Petitioner**

v.

**John SHARP, Comptroller of Public Accounts for the State of Texas, and Honorable Dan C. Morales, Attorney General for the State of Texas.**

No. 94–0222.

Supreme Court of Texas.

Sept. 15, 1994.

Michael E. Vigil, Albuquerque, NM, Joseph (Sib) Abraham, Jr., and H. Tati Santiesteban, El Paso, for petitioner.

Nancy L. Prosser and Dan Morales, Austin, for respondents.

ON APPLICATION FOR WRIT OF ERROR TO THE THIRD COURT OF APPEALS

PER CURIAM.

In this cause, we consider whether a taxpayer may contest an assessed tax through a declaratory action. Petitioner Charles Weck sought a declaratory judgment on the constitutionality of the Controlled Substances Tax Act. The court of appeals upheld the trial

---

court's dismissal for lack of jurisdiction under section 112.108 of the Texas Tax Code, which denies a taxpayer any form of declaratory relief. Tex.Tax Code § 112.108. We reverse the judgment of the court of appeals and remand to the trial court for further proceedings.

In January 1990, Weck bought more than 800 pounds of marijuana from undercover officers with the Midland County Sheriff's Department in a "reverse sting operation." John Sharp, Comptroller of Public Accounts for the State of Texas, assessed $1,428,604.80 in taxes and penalties against Weck for failing to pay the taxes due under the Controlled Substances Tax Act for possession of controlled substances. *See* Tex.Tax Code §§ 159.001–.206. After an unsuccessful administrative hearing, Weck brought this suit seeking (1) a declaratory judgment that section 112.051 of the Tax Code, which requires that the contested tax be paid before a taxpayer may seek judicial review of the assessment, is unconstitutional; (2) a declaratory judgment that the Controlled Substances Tax Act is unconstitutional; and (3) judicial review of the tax assessment. The trial court granted the State's plea to the jurisdiction, citing section 112.108 of the Tax Code, which prevents taxpayers from seeking declaratory relief. The court of appeals affirmed. 884 S.W.2d 787.

Following the court of appeals' decision, this Court analyzed section 112.108 of the Tax Code in *R Communications, Inc. v. Sharp*, 875 S.W.2d 314 (Tex.1994). In that case, the plaintiff, R Communications, sought relief from a deficiency assessment for additional sales taxes. *Id.* at 314. The trial court dismissed for want of jurisdiction because the company had not first paid the contested tax as required by statute. *Id.* (citing Tex.Tax Code § 112.051). On appeal, R Communications argued that four Tax Code provisions violated the Texas and U.S. Constitutions: section 112.108; section 112.051, which conditions the right to file suit upon prior payment of taxes; section 112.101, which precludes injunctive relief without prior tax payment or posting of bond; and section 111.022, which authorizes summary collection procedures without the State filing suit. *Id.*

This Court held that the "combination of the prepayment provisions contained in sections 112.051 and 112.101, the ban on declaratory judgments in section 112.108, and the inadequacy of the remedy of awaiting the filing of a collection suit by the Comptroller" created an unconstitutional financial barrier to court access. *Id.* at 317–18. However, the Court found it unnecessary to void all of the statutes in question. Instead, we concluded that without the recent legislative elimination of a declaratory remedy, R Communications would have a means of obtaining timely access to the courts that would not impinge on the State's interest in securing timely collection of taxes. *Id.* at 318. We therefore struck section 112.108 insofar as it would preclude a taxpayer from obtaining judicial review of tax liability by means of a declaratory action. *Id.*

Weck, like R Communications, seeks a declaratory judgment on the constitutionality of his tax assessment. Our invalidation of section 112.108 provides the trial court with jurisdiction over that action. Therefore, without hearing oral argument, a majority of the Court reverses the judgment of the court of appeals and remands to the trial court for further proceedings.