**FILED**

*June 29, 2015*

Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-00771-CV
5693499
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/16/2015 12:17:11 PM
JEFFREY D. KYLE
CLERK

# NO. 03-14-00771-CV

## In The
## Third Court of Appeals
### AT AUSTIN, TEXAS

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/16/2015 12:17:11 PM
JEFFREY D. KYLE
Clerk

Sanadco Inc., Mahmoud A. Isba, Broadway Grocery, Inc., Shariz, Inc., Ruby & Sons Store, Inc., and Rubina Noorani,

**APPELLANTS**

**VS.**

The Office of the Comptroller of Public Accounts; Glenn Hegar, in his official capacity as Comptroller of Public Accounts for the State of Texas; and Ken Paxton in his official capacity as Attorney General of the State of Texas,

**APPELLEES**

---

Appeal From Cause No D-1-GN-13-4352
The 200th District Court Of Travis County, Texas
The Honorable Charles Ramsay, Presiding

---

## APPELLANT'S REPLY BRIEF

---

**SAMUEL T. JACKSON**
**SBN 10495700**
**P.O. BOX 670133**
**ARLINGTON, TX 76003-0133**
**TEL: (512) 692-6260**
**FAX: (866) 722-9685**
**COUNSEL FOR APPELLANTS**

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**APPELLANTS:**

**Sanadco Inc., Mahmoud A. Isba, Broadway Grocery, Inc., Shariz, Inc., Ruby & Sons Store, Inc., and Rubina Noorani**

**COUNSEL FOR APPELLANTS:**

> **LAW OFFICE OF**
> **SAMUEL T. JACKSON**
> P.O. Box 170633
> Arlington, Texas 76003-0633
> TEL: (512) 692-6260
> FAX: (866) 722-9685
> Email: jacksonlaw@hotmail.com

**APPELLEES:**

**The Office of the Comptroller of Public Accounts; Glenn Hager, in his official capacity as Comptroller of Public Accounts of the State of Texas; and Ken Paxton, in his official capacity as Attorney General of the State of Texas**

**COUNSEL FOR APPELLEES:**

> **JACK HOHENGARTEN**
> Assistant Attorney General
> FINANCIAL LITIGATION DIVISION
> P.O. Box 12548
> Austin, TX 78711-2548
> TEL: (512) 475-3503
> FAX: (512) 477-2348/480-8327
> Email: jack.hohengarten@oag.state.tx.us

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.........................................2

TABLE OF CONTENTS ...............................................................3

TABLE OF AUTHORITIES .........................................................5

STATEMENT OF JURISDICTION ................................................12

ISSUES PRESENTED..................................................................12

SUMMARY OF ARGUMENTS .....................................................13

ARGUMENT..............................................................................16

    **I. The absence of the reporter's records is not dispositive of issues that are purely matters of law, requiring no factual findings.**...................................16

    **II. Sanadco 2 does not control resolution of the issues involved in this case because these issues challenge the validity of rules, the constitutionality of statutes and ultra vires conduct, and not the applicability, assessment, collection, or constitutionality of a state tax, ostensibly controlled by Chapter 112.** ........................................................................................19

    **III. Chapter 112's prepayment provisions are inapplicable to petitions for judicial review and declaratory judgment actions because the Texas Supreme Court has ruled that they unconstitionally violate the Open Courts provision when applied to these remedies.** .....................................23

    **IV. Appellants' pleadings provided sufficient relevant, undisputed allegations conclusively establishing that the administrative orders were void and unenforceable ab initio as a matter of law, thus, there was no final judgment to support the Comptroller's collection efforts, and the trial court abused its discretion by failing to grant the temporary restraining order.**................................................................................27

        **A......... Appellants' pleadings established the invalidity of the rules as a matter of law.** .............................................................................27

**B.  Appellants' pleadings established the nullification of the administrative judgment as a matter of law.**..............................................**35**

**C.  Appellants' pleadings established the Comptroller's ultra vires conduct as a matter of law.**.................................................................**39**

**CONCLUSION** .........................................................................................**41**

**PRAYER FOR RELIEF** ...........................................................................**42**

**CERTIFICATE OF COMPLIANCE** .........................................................**43**

**CERTIFICATE OF SERVICE**...................................................................**43**

# TABLE OF AUTHORITIES

## **Cases**

*Ard v. Carrington*,
   01-13-00067-CV (Tex.App.-Houston [1st Dist.] 3-27-2014) ................................................. 16

*Bexar Metro. Water Dist. v. City of Bulverde*,
   156 S.W.3d 79, 85-86 (Tex. App. — Austin 2004, pet. denied) ...................................... 17, 35

*Bland Indep. Sch. Dist. v. Blue*,
   34 S.W.3d 547, 554-55 (Tex. 2000) ....................................................................... 19

*Bonham State Bank v. Beadle*,
   907 S.W.2d 465, 467 (Tex. 1995) .......................................................................... 32

*Cayton v. Moore*,
   224 S.W.3d 440, 445 (Tex. App. — Dallas 2007, no pet.) ............................................. 16

*Chenault v. Phillips*,
   914 S.W.2d 140, 141 (Tex. 1996) .......................................................................... 32

*City of El Paso v. Heinrich*,
   284 S.W.3d 366, 372 (Tex. 2009) ...................................................................... 26, 38

*City of Pasadena v. Gennedy*,
   125 S.W.3d 687, 691 (Tex. App.-Houston [1st Dist.] 2003, pet. denied) .............................. 36

*City of Sherman v. Public Util. Comm'n*,
   643 S.W.2d 681, 683 (Tex. 1983) .......................................................................... 31

*Cobb v. Harrington,*
   144 Tex. 360, 366, 190 S.W.2d 709, 713 (1945) .......................................................... 32

*Combs v. Entertainment Publ'ns Inc.*,
   292 S.W.3d 712, 723 (Tex. App.—Austin 2009, no pet.) .......................... 21, 22, 27, 28, 33

*Combs v. Texas Entm't Ass'n, Inc.*,
   287 S.W.3d 852, 864-65 (Tex. App.—Austin, 2009) ..................................................... 22

*Crane v. Richardson Bike Mart, Inc.,*
295 S.W.3d 1, 5 (Tex. App.-El Paso 2009, no pet.)..................................................................... 37

*Dept. of State Health Services v. Balquinta,*
429 S.W.3d 726, 750-751 (Tex.App.-Austin 2014) ................................................................... 23

*Doan v. Christus Health ArkLa-Tex,*
329 S.W.3d 907, 910 (Tex.App.-Texarkana 2010, no pet.)........................................................ 36

*El Paso Hosp. Dist. v. Texas Health & Human Servs. Comm'n,*
247 S.W.3d 709, 715 (Tex. 2008)......................................................................................... 27, 33

*Eldercare Props., Inc. v. Department of Human Servs.,*
63 S.W.3d 551, 558 (Tex.App.-Austin 2001, pet. denied) ........................................................ 15

*Frasier v. Yanes,*
9 S.W.3d 422, 427 (Tex.App.-Austin 1999, no pet.)................................................................. 32

*Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.,*
96 S.W.3d 519, 529 (Tex. App.-Austin 2002, pet. denied) ................................................... 27, 29

*Fulton v. Finch,*
162 Tex. 351, 356, 346 S.W.2d 823, 827 (1961) (orig. proceeding) .......................................... 37

*HCA Healthcare Corp. v. Texas Dep't of Ins.,*
303 S.W.3d 345, 352 (Tex. App. — Austin 2009, no pet.) ........................................................ 34

*Hill v. Board of Trs.,*
40 S.W.3d 676, 679 (Tex. App. — Austin 2001, no pet.) .......................................................... 34

*Howell v. Texas Workers' Comp. Comm'n,*
143 S.W.3d 416, 442 (Tex.App.-Austin 2004, pet. denied) ...................................................... 15

*In re Garza,,*
126 S.W.3d 268, 271 (Tex. App.-San Antonio 2003, orig. proceeding). ............................... 37, 39

*In re Humphreys,*
880 S.W.2d 402, 404 (Tex. 1994)............................................................................................. 35

*Logal v. United States,*
195 F.3d 229, (5th Cir. 1999) ................................................................................................... 39

*Montemayor v. City of San Antonio Fire Dept.*,
985 S.W.2d 549, 551 (Tex.App.-San Antonio 1998, pet. denied)...............................................32

*Montrose Mgt. Dist. v. 1620 Hawthorne, Ltd.*,
435 S.W.3d 393, 410-11; fn. 16 (Tex.App.-Houston [14th Dist.] 2014)..................................26

*Office of the Attorney Gen. v. Buhrle*,
210 S.W.3d 714, 717 (Tex. App. —Corpus Christi 2006, pet. denied)...................................16

*Office of the Attorney General of Texas v. Duran*,
13-13-00423-CV (Tex.App.-Corpus Christi 5-28-2015)...........................................................16

*R Commc'ns, Inc. v. Sharp*,
875 S.W.2d 314 (Tex. 1994)................................................................................. 14, 24, 25

*Risk Management Strategies, Inc. v. Texas Workforce Commission*,
03-13-00560-CV *6 (Tex.App.-Austin 5-22-2015).................................................................17

*Rutherford Oil v. Land Office of Tex.*,
776 S.W.2d 232, 235 (Tex.App.-Austin 1989)........................................................................15

*Sanadco, Inc. et. al. v. Texas Comptroller of Public Accounts, et. al.*,
No. 03-11-00462-CV (Tex. App.—Austin, September 26, 2013)...........................................30

*Sanadco, Inc. v. Office of the Comptroller*,
2015 WL, 1478200 at *10 (Tex. App.—Austin March 25, 2015)................................... passim

*Simon v. York Crane & Rigging Co.*,
739 S.W.2d 793, 795 (Tex. 1987)........................................................................................... 13

*Southern Canal Co. v. State Bd. of Water Engineers*,
318 S.W.2d 619; 159 Tex. 227 (Tex. 1958) ...........................................................................36

*State Bd. of Ins. v. Republic Nat'l Ins. Co.*,
384 S.W.2d 369, 372 (Tex.Civ.App. — Austin 1964, writ ref'd n.r.e.)...................................36

*State v. Crawford*,
262 S.W.3d 532 (Tex.App.-Austin 2008, no pet.)...................................................................39

*Subaru of America v. David McDavid Nissan*,
84 S.W.3d 212, 224 (Tex. 2002)............................................................................................22

*Tex. Logos, L.P. v. Tex. Dept. of Transp.*,
  241 S.W.3d 105, 123 (Tex. App.-Austin 2007, no pet.)...........................................................27

*Texas Dep't of Parks & Wildlife v. Miranda*,
  133 S.W.3d 217, 226 (Tex. 2004)............................................................... 16, 19, 35

*Texas Dep't of Pub. Safety v. Salazar,*
  304 S.W.3d 896, 903 (Tex.App. Austin 2009, no pet.) ...................................... 23, 28

*Texas Dep't of Transp. v. Sunset Transp., Inc.,*
  357 S.W.3d 691, 705 (Tex.App. Austin 2011, no pet.) ............................................. 23

*Texas Dept. of Banking v. Mount Olivet Cemetery Ass'n*,
  27 S.W.3d 276, 282 (Tex.App.-Austin 2000, pet. denied) ....................................... 32

*Texas Entm't Ass'n, Inc. v. Combs,*
  431 S.W.3d 790, 795 (Tex. App.—Austin 2014, pet. denied)................................... 22

*The Allee Corporation v. Texas Department of Motor Vehicles*,
  03-13-00096-CV, *6-7 (Tex.App.-Austin 11-21-2014). ........................................... 35

*The Pea Picker, Inc. v. Reagan,*
  632 S.W.2d 674, 677 (Tex.App.-Tyler 1982, writ ref'd n.r.e.) ................................. 32

*Walker v. Packer*,
  827 S.W.2d 833, 840 (Tex. 1992)............................................................................... 16

*Watts v. Hancock*,
  05-12-01635-CV *2 (Tex.App.-Dallas 6-18-2014) ................................................... 16

*Weck v. Sharp*,
  884 S.W.2d 153, 154 (Tex. 1994)................................................................. 14, 23, 24

## Statutes

Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 ....................................... 21
Tex. Civ. Prac. & Rem. Code Ann. § 37.002 .............................................. 32
Tex. Civ. Prac. & Rem. Code Ann. § 37.004 .............................................. 31
Tex. Civ. Prac. & Rem. Code Ann. § 51.012 .............................................. 12

Tex. Gov't Code Ann. § 22.220(a) ........................................................ 12
Tex. Gov't Code Ann. § 2001.003(6) ..................................................... 28
Tex. Gov't Code Ann. § 2001.004…………………………………………………38
Tex. Gov't Code Ann. § 2001.005 ........................................................ 33
Tex. Gov't Code Ann. § 2001.035(a) ................................................ 28, 38
Tex. Gov't Code Ann.  § 2001.038 .................................................. passim
Tex. Gov't Code Ann. § 2001.145(a) ..................................................... 34
Tex. Gov't Code Ann. § 2001.171 ....................................................... 34
Tex. Gov't Code Ann. § 2001.173 ....................................................... 35
Tex. Gov't Code Ann.  § 2001.173(a) .................................................... 35
Tex. Gov't Code Ann. § 2001.174 ....................................................... 35
Tex. Gov't Code Ann. § 2001.176(a) ..................................................... 34

Tex. Tax Code Ann. § 111.104 .......................................................... 33
Tex. Tax Code Ann. § 111.105 .......................................................... 33
Tex. Tax Code Ann. Chapter 112 .................................................... passim

## Rules

Tex. R. App. P. 37.3(c) (1) .............................................................. 16

## Constitutional Provisions

Tex. Const. art. V, § 6 (a) .............................................................. 12

# In The
# Third Court of Appeals
## AT AUSTIN, TEXAS

Sanadco Inc., Mahmoud A. Isba, Broadway Grocery, Inc., Shariz, Inc., Ruby & Sons Store, Inc., and Rubina Noorani,

**APPELLANTS**

**VS.**

The Office of the Comptroller of Public Accounts; Glenn Hegar, in his official capacity as Comptroller of Public Accounts for the State of Texas; and Ken Paxton in his official capacity as Attorney General of the State of Texas,

**APPELLEES**

---

**Appeal From Cause No D-1-GN-13-4352**
**The 200th District Court Of Travis County, Texas**
**The Honorable Charles Ramsay, Presiding**

---

## APPELLANTS' REPLY BRIEF

---

**TO THE HONORABLE THIRD COURT OF APPEALS:**

Appellants, Sanadco Inc. and Mahmoud A Isba, Et Al, (collectively, Sanadco), pursuant to Tex. R. App. P. 38.4, submit this Reply to Appellees' Responsive Brief filed on May 26, 2015, and request consideration of the following:

Appellees have mischaracterized this accelerated appeal as governed by *Sanadco, Inc. v. Office of the Comptroller*, 2015 WL, 1478200 (Tex. App.—Austin March 25, 2015) (mem. op.) recently decided by this court in Case No. 03-11-00462-CV from the trial court's judgment in Cause No. D-1-GV-10-000902. (*Sanadco 2*).

This appeal, however, is from the trial court's judgment in Cause No. D-1-GN-13-004352 involving different parties and different audit periods. Although Sanadco, Inc. and Mahmoud Isba are common to both appeals, their contested audits are for different auditing periods and, more importantly, they fully engaged in the administrative proceedings and exhausted their administrative remedies.

Of major concern to this court in *Sanadco 2* was Sanadco's failure to challenge the audits before their right to administrative remedies had expired, forcing the State to initiate a collection suit. *Sanadco, fn. 9* ("Sanadco sought injunctive relief from liability for the tax *long after completion of the administrative process and the deficiency assessment had become final . . . .*"). The court reasoned: "The facts here are distinguishable from those cases in which the taxpayers sought declarations of the validity or constitutionality of rules and statutes and their threatened enforcement *prior to finality of an agency determination*." The court therefore held that the trial court lacked jurisdiction over Sanadco's counterclaims due to their noncompliance with the prerequisites of Chapter 112. (op. *12).

In the instant case, all parties were fully engaged in the administrative process and have timely filed Petitions for Judicial Review, thereby deferring the finality of the administrative judgments. *Subaru of America, Inc. v. David McDavid Nissan,*

*Inc.*, 84 S.W.3d 212, 227-28 (Tex. 2002) (op. on reh'g). The issue therefore is whether Chapter 112 applies to cases in which a petition for judicial review was timely filed contemporaneously with a challenge to the validity of the audit results. Accordingly, this case presents issues not addressed in *Sanadco 2*, and should now be considered.

## STATEMENT OF JURISDICTION

The Court of Appeals is authorized to exercise jurisdiction in this cause pursuant to TEX. CONST. ART. V, § 6 (a); TEX. GOV'T CODE ANN. § 22.220 (a), and TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (a) (4).

## ISSUES PRESENTED

**Issue No. 1.**     **Is the absence of the court reporter's records dispositive of matters that are purely questions of law?**

**Issue No. 2.**     **Is the application of Chapter 112 to petitions for judicial review and declaratory judgments unconstitutional as a burden on Plaintiffs' access to the courts?**

**Issue No. 3.**     **Is *Sanadco 2's* jurisdictional determination applicable to cases engaged in the administrative process?**

**Issue No. 4.**     **Are petitions for declaratory judgment "suits challenging the applicability, assessment, collection, or constitutionality" of a state tax and thereby subject to Chapter 112.108?**

## SUMMARY OF ARGUMENTS

The primary issue presented by this appeal is whether the audits are invalid due to the Comptroller's failure to follow the adoption procedures mandated by the APA, the constitutional infirmity of various tax code statutes and rules, and/or his ultra vires conduct. Plaintiffs assert that his collection efforts are premature because they are not supported by final judgments. If so, the Comptroller was without authority to continue his collection efforts and the trial court's failure to grant Plaintiffs' temporary injunction was an abuse of discretion. Accordingly, the order denying such relief must be reversed, and judgment rendered for Plaintiffs.

The reviewing court may consider Plaintiffs' appellate points that do not require the reporter's record for decision. *See* Tex. R. App. P. 37.3(c). For all other issues, the court presumes the evidence supported the trial court's decision. *See Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987). The issues presented by this appeal are purely matters of law to be determined de novo without the necessity of factual findings, and the court may therefore adjudicate them without a reporter's record. Consequently, the absence of the reporter's record is not dispositive of the issues raised by this appeal.

The Comptroller's insistence on applying Tex. Tax Code Ann. Chapter 112's prepayment requirements to Plaintiffs' claims for injunctive relief are meritless for three reasons. First, Chapter 112's application to petitions for judicial review and other injunctive relief has been declared unconstitutional as an abridgment upon access to the courts. *R Commc'ns, Inc. v. Sharp*, 875 S.W.2d 314, 314 (Tex. 1994); W*eck v. Sharp*, 884 S.W.2d 153, 154 (Tex. 1994).

Second, suits pursuant to the APA or the UDJA are not protest suits or suits for refund "challenging the applicability, assessment, collection, or constitutionality" of a state tax. Instead, they challenge the validity of agency rules, official misconduct and the constitutionality of tax statutes. Plaintiffs timely filed petitions for judicial review of the Comptroller's adverse decisions, and declaratory judgment actions pursuant to Tex. Gov't Code Ann. § 2001.038 to determine the validity of the audits, none of which requires the initial filing of a protest or refund suit. They contend that the audits supporting the judgments are invalid, unenforceable and/or void because the comptroller failed to adopt the auditing procedures in accordance with the Administrative Procedure Act (APA) and certain statutes are unconstitutional. The fact that the Comptroller's right to collect taxes

may be implicated by an adverse decision does not change their basic character, nor convert them to Chapter 112 suits.

Third, section 2001.038 is the exclusive remedy for testing the validity of an administrative rule — which includes a challenge to the constitutionality of the rule. *See* Tex. Gov't Code Ann. § 2001.038; *Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 442 (Tex.App.-Austin 2004, pet. denied) (APA is exclusive remedy); *Local Neon Co v. Strayhorn,* 03-04-00261-CV (Tex.App.-Austin 6-16-2005); *Eldercare Props., Inc. v. Department of Human Servs.*, 63 S.W.3d 551, 558 (Tex.App.-Austin 2001, pet. denied) (validity includes constitutionality). Chapter 112 does not provide for this type of suit.

The purpose of the declaratory judgment action is to obtain a final declaration of a rule's validity or its constitutionality *before* the rule is applied. *Rutherford Oil v. Land Office of Tex*., 776 S.W.2d 232, 235 (Tex.App.-Austin 1989). The court's refusal to enjoin enforcement of the audit permits the comptroller to collect the assessments before the validity of the audits can be determined, thereby defeating the purpose of the statute. The Comptroller's attempt to impose Chapter 112's prepayment requirements is therefore without merit, and the court's judgment is an abuse of discretion.

# ARGUMENT

## I. *The absence of the reporter's records is not dispositive of issues that are purely matters of law, requiring no factual findings.*

When an appellant fails to file the recorder's record, the reviewing court may consider and decide only those issues that do not require a reporter's record. *See* Tex. R. App. P. 37.3(c) (1); *Watts v. Hancock*, 05-12-01635-CV *2 (Tex.App.-Dallas 6-18-2014). The question posed by Appellee's contentions, is whether this appeal raises issues that may be considered and decided by this court without benefit of the reporter's records.

The Comptroller correctly contends that the court's decision whether to issue an injunction "is discretionary, not to be disturbed absent a clear abuse of discretion". However, a trial court has no discretion, when determining what the law is, which law governs, or how to apply the law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*; *Cayton v. Moore*, 224 S.W.3d 440, 445 (Tex. App. — Dallas 2007, no pet.); *Office of the Attorney Gen. v. Buhrle*, 210 S.W.3d 714, 717 (Tex. App. — Corpus Christi 2006, pet. denied); *Ard v. Carrington*, 01-13-00067-CV (Tex.App.-Houston [1st Dist.] 3-27-2014). *Office of the Attorney General of Texas v. Duran,* 13-13-00423-CV (Tex.App.-Corpus Christi 5-28-2015).

This court has stated "whether sovereign immunity has been waived implicates subject-matter jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)." "Whether a court has subject-matter jurisdiction is a question of law, which is reviewed de novo, when disputed facts relevant to the jurisdictional inquiry are not presented. *See id.* (subject-matter jurisdiction is determined as matter of law on pleadings and when evidence relevant to jurisdictional inquiry is undisputed)." *Risk Management Strategies, Inc. v. Texas Workforce Commission*, 03-13-00560-CV *6 (Tex.App.-Austin 5-22-2015) (quoting *Bexar Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 85-86 (Tex. App. — Austin 2004, pet. denied)). Thus, when the appellant's pleadings are devoid of relevant factual disputes, the court may consider the claims raised by those pleadings de novo, without the court reporter's record because they are not dependent on the trial court's factual findings or evidence presented at trial.

Appellants contended that the trial court abused its discretion by refusing to enjoin the Comptroller from engaging in its enforcement activities in the absence of a valid final judgment. Appellee's assertions that a recorder's record is necessary to determine whether Plaintiffs met their burden of proof of probable injury and

probable right to recovery is misguided—if the underlying judgment is invalid or unenforceable, there is no need for this determination.

Throughout these proceedings, neither their responses in their answers nor in this appeal, have the appellees ever once disputed any of the relevant factual allegations in Appellants' pleadings or in their briefs. Nor could they because the provisions of AP92 and AP122 (the memos) are included on their website[1], and in their responses to the appeals, and they have never claimed that they were properly adopted. Moreover, they have judicially admitted their existence, use and refusal to adopt the memos in their pleadings as shown in the following excerpts:

> *See, State Officials' Motion for Protection and to Stay All Discovery,* p. 2 ("AP92 and 122 are internal staff memoranda that provide guidance to audit staff about how and when to use such estimates.").[2] In the same pleading, they acknowledged that the memoranda had not been properly adopted. ("The court erred, however, in concluding the memos are rules *which must be implemented through the APA's formal rulemaking process* as shown by the State Officials' motion for rehearing and reconsideration in banc."). *Id*. at p.3.[3]

In its Motion for Rehearing, the issue for review was,

---

[1] http://comptroller.texas.gov/taxinfo/audit_memos/
[2] (CR, 104 ¶3)
[3] (CR, 105 ¶8)

Are internal staff memos that provide audit guidance to agency auditors—here, AP 92 and AP 122—formal "rules" as that term is defined in the Administrative Procedure Act?

*State Officials' Motion for Rehearing and Reconsideration En Banc*, at p.2. [4]

"As already noted, while agency rules must be adopted pursuant to proper APA procedures, internal memos directing audit staff are not rules and do not require formal adoption**."** Id. at p.12.[5]

The remaining claims involve the constitutionality or construction of tax statutes and determining whether the Comptroller acted without statutory authority by implementation or authorization of the use of the void and unenforceable memos. Accordingly, the relevant factual allegations necessary for resolution of Appellant's claims are undisputed, and the absence of the reporter's record is not dispositive of these purely legal claims.

### II. *Sanadco 2*[6] *does not control resolution of the issues involved in this case because these issues challenge the validity of rules, the constitutionality of statutes and ultra vires conduct, and not the*

---

[4] (CR, 133)

[5] (CR, 144)

[6] *Sanadco 2, Sanadco, Inc. v. Office of the Comptroller*, 2015 WL, 1478200 at *10 (Tex. App.—Austin March 25, 2015) (mem. op.) refers to this court's decision on rehearing holding that the trial court was without jurisdiction. Appellees' brief refers to this opinion as "*Sanadco 1*". *Sanadco 1, Sanadco, Inc. v. Office of Comptroller of Public Accounts of Texas*, No. 03-10-00462-CV, 2013 Tex. App. LEXIS 12013 at * 13 (Tex. App.—Austin Sept. 26, 2013)[6] refers in this brief, to the initial determination that AP92 and AP122 were rules, but was replaced by *Sanadco 2*.

> ***applicability, assessment, collection, or constitutionality of a state tax, ostensibly controlled by Chapter 112.***

A plea to the jurisdiction often may be determined solely from the pleadings and sometimes must be. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554-55 (Tex. 2000). Such a determination is reviewed de novo. *Miranda*, 133 S.W.3d at 226. If the facts relevant to jurisdiction are undisputed, the court should make the jurisdictional determination as a matter of law based solely on those undisputed facts. Id. at 228.

*Sanadco 2* held, as a matter of law, that the trial court was without jurisdiction over Sanadco's and Isba's claims because *they had not engaged in the administrative review process*, and had not raised their defensive issues and cross-claims until the Comptroller's decision had become final. The court failed, however, to specifically rule on its jurisdiction over the remaining petitioners, stating:

> It is undisputed that Sanadco *did not engage in an administrative redetermination proceeding or* meet any of the statutory requirements for a refund claim or protest suit. Sanadco may not attempt to avoid those administrative and procedural requirements by merely filing counterclaims to a collection suit brought by the Comptroller.

*Sanadco, Inc. v. Office of the Comptroller*, 2015 WL, 1478200 at *10 (Tex. App.—Austin March 25, 2015) (mem. op.) (*Sanadco 2*).

This language clearly suggests that a suit filed during the administrative process invokes the court's jurisdiction without meeting the requirements for a refund claim or protest suit. The court reiterated this view, asserting:

> Sanadco had *two adequate, available remedies* upon the Comptroller's deficiency determination: (1) *a redetermination proceeding <u>or</u>* (2) payment of the taxes and pursuit of the Chapter 112 refund or protest procedures. However, Sanadco elected not to pursue either remedy.

*Sanadco 2* at *11.

At the time of the October 14, 2014 hearing (CR 340), the pleading on file was Plaintiffs' Second Amended Petition, filed on August 6, 2014 (CR 284). When the November 11, 2014 judgment was entered however (CR 340), the live pleading on file was Plaintiffs' Third Amended Petition filed on October 17, 2014 (CR 314). Both petitions alleged three causes of action: (1) the validity of agency rules pursuant to Tex. Gov't Code Ann. § 2001.038 (CR 291-292, ¶¶ 33-38); (2) the ultra vires conduct of an Agency official, (CR 292-296, ¶¶ 39-57); and (3) the constitutionality of certain state statutes (CR 296-299, ¶¶ 58-73), both pursuant to the Uniform Declaratory Judgments Act (UDJA), Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011.

The *Sanadco 2* court excluded these causes of action from its holding where there was no final administrative judgment, stating:

We limit our holding to cases in which a taxpayer seeks relief from a tax assessment *that has become a final liability and is no longer subject to review through administrative procedures*; *we do not hold that Chapter 112 preempts every suit challenging a Comptroller rule or tax statute's constitutionality. . . See Combs v. Entertainment Publ'ns Inc.*, 292 S.W.3d 712, 723 (Tex. App.—Austin 2009, no pet.) (affirming trial court's denial of plea to jurisdiction in suit in which taxpayer sought declaratory and injunctive relief to prevent Comptroller from implementing allegedly invalid rule).

*Sanadco 2*, n.9 at *12.

Here, unlike Sanadco, each of these plaintiffs alleged that they were currently engaged in the administrative process and awaiting a hearing before SOAH. (CR 288-289, ¶¶ 22-26). They also alleged that the court had jurisdiction over their petitions for judicial review subject to the results of the administrative proceedings. (CR 287, ¶ 13); Accordingly, there was no final liability determination, *see, Subaru of America v. David McDavid Nissan*, 84 S.W.3d 212, 224 (Tex. 2002), and the cases remained subject to review through administrative procedures, and are excluded from the Chapter 112 requirements because they are not final judgments.

In support of this limitation, the court cited *Texas Entm't Ass'n, Inc. v. Combs*, 431 S.W.3d 790, 795 (Tex. App.—Austin 2014, pet. denied) (citing *Combs v. Texas Entm't Ass'n, Inc.*, 287 S.W.3d 852, 864-65 (Tex. App.—Austin, 2009), *rev'd on other grounds*, 347 S.W.3d 277 (Tex. 2011)) (on remand, citing with approval its

previous opinion holding that *declaratory-judgment action challenging constitutionality and implementation of new tax statute was not preempted by Chapter 112 of Tax Code*); *Combs v. Entertainment Publ'ns Inc.*, 292 S.W.3d 712, 723 (Tex. App.—Austin 2009, no pet.) (affirming trial court's denial of plea to jurisdiction in suit in which taxpayer sought declaratory and injunctive relief *to prevent Comptroller from implementing allegedly invalid rule*). *See Sanadco 2*, \*13, n. 9.

If Appellants have raised valid challenges to the agency's rules under the APA, then the court need not determine whether the Plaintiffs have properly alleged ultra vires claims pursuant to the UDJA because section 2001.038 of the APA establishes the trial court's subject-matter jurisdiction for both claims. *See Dept. of State Health Services v. Balquinta,* 429 S.W.3d 726, 750-751 (Tex.App.-Austin 2014); *Texas Dep't of Transp. v. Sunset Transp., Inc.,* 357 S.W.3d 691, 705 (Tex.App. Austin 2011, no pet.); *see also Texas Dep't of Pub. Safety v. Salazar,* 304 S.W.3d 896, 903 (Tex.App. Austin 2009, no pet.) (where plaintiff asserted section 2001.038 rule challenges and UDJA ultra-vires claims turning on same underlying statutory-authority issues).

### III. Chapter 112's prepayment provisions are inapplicable to petitions for judicial review and declaratory judgment actions

***because the Texas Supreme Court has ruled that they unconstitionally violate the Open Courts provision when applied to these remedies.***

For over three decades, it has been unconstitutional to require compliance with the Chapter 112 prepayment provisions to petitions for judicial review of contested administrative proceedings.[7] When discussing the constitutionality of the statutes authorizing judicial review of tax assessments, the supreme court held that "conditioning a taxpayer's right *to initiate judicial review* on the payment of taxes or the posting of a bond equal to twice the alleged tax obligation violates the open courts mandate." Tex. Const. art. I, Sec. 13; *R Commc'ns, Inc. v. Sharp*, 875 S.W.2d 314, 314 (Tex. 1994).

The prepayment provisions *and the ban on declaratory judgments*, "mean that a taxpayer is financially restricted in its ability to get to court." *Id*. at 317-18. Accordingly, the court determined that section 112.108 is unconstitutional and void. *Id*. at 318. In *Weck v. Sharp*, 884 S.W.2d 153, 154 (Tex. 1994) the court determined that because the prohibition in section 112.108 against declaratory-judgment actions

---

[7] *R Commc'ns, Inc. v. Sharp*, 875 S.W.2d 314, 314 (Tex. 1994); *Weck v. Sharp*, 884 S.W.2d 153, 154 (Tex. 1994); *Richmont Aviation, Inc. v. Combs*, 03-11-00486-CV (Tex.App.-Austin 9-12-2013); *Rylander v. Bandag Licensing Corp.*, 18 S.W.3d 296 (Tex. App.-Austin 2000, pet. denied); *FM Express Food Mart, Inc. v. Combs*, No. 03-12-0144-CV, 2013 Tex. App. LEXIS 2744, at *17 n.6 (Tex. App.-Austin Mar. 15, 2013, no pet.) (mem. op.).

*and other similar remedies* was invalid, the trial court could consider the taxpayer's declaratory claim and remanded the case. *Id*.

This Court has emphasized this constitutional ruling on at least four occasions. *See Richmont Aviation, Inc. v. Combs*, 03-11-00486-CV (Tex.App.-Austin 9-12-2013) (reaffirming its prior decisions finding section 112.108 was unconstitutional); *Rylander v. Bandag Licensing Corp.*, 18 S.W.3d 296 (Tex. App.-Austin 2000, pet. denied) (concluding that section 112.108 violated open-courts provision and imposed unreasonable financial barrier to court access even though it excused prepayment for indigent taxpayers); *FM Express Food Mart, Inc. v. Combs*, No. 03-12-0144-CV, 2013 Tex. App. LEXIS 2744, at *17 n.6 (Tex. App.-Austin Mar. 15, 2013, no pet.) (mem. op.) (stating that this Court previously determined that amended version of section 112.108 was unconstitutional); *Local Neon Co. v. Strayhorn,* No. 03-04-00261-CV, 2005 Tex. App. LEXIS 4667, at *17 n.6 (Tex. App.-Austin June 16, 2005, no pet.) (mem. op.) Page-11 (relating that Comptroller "concedes on appeal that this Court held section 112.108 unconstitutional").

This court has not wavered from this conclusion even after *In re Nestle USA, Inc.*, 359 S.W.3d 207 (Tex. 2012) was decided. In footnote 3 of *Richmont*, it stated:

> Specifically, the Comptroller urges that the supreme court overruled *Bandag* in *In re Nestle.* In *Nestle, the court did discuss the restrictions*

*imposed by section 112.108* and discussed the amendment to the provision excusing prepayment in certain circumstances. *Id*. at 210-11 & n.38. . . However, *the court did not mention Bandag* or our determination that the amended version was also unconstitutional, nor did the court expressly state that the amendment cured the constitutional infirmity. See *id*.; see also *FM Express Food Mart, Inc. v. Combs*, No. 03-12-0144-CV, 2013 Tex. App. LEXIS 2744, at *17 n.6 (Tex. App.-Austin Mar. 15, 2013, no pet.) (mem. op.) (explaining that although the supreme court in *Nestle* explained that statute was amended in response to determination that statute violated open-courts provision, supreme court "did not address whether it did so successfully"). ***Accordingly, we do not agree with the Comptroller's assertion that our determination in Bandag has been overruled.***

*Richmont Aviation, Inc. v. Combs, 03-11-00486-CV*, *11, n.3.

*Nestle* did not overrule *R Commc'ns, Inc.* or its progeny's assessment of Chapter 112's unconstitutionality or its applicability to *ultra vires* claims because these issues were not presented to the court.

Petitioners do not argue that the limitations of these actions is unconstitutional, as did the taxpayers in *R Communications*, 875 S.W.2d at 314-315. Nor do petitioners contend that an ultra vires suit against the Comptroller is outside chapter 112's provisions. See *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

*Nestle USA, Inc., 359 S.W.3d 207* at 211- 212, n. 39.

These are the precise allegations raised in Appellants' petitions, which challenged the validity of AP92 and AP122, and the constitutionality of various tax statutes, as well as the comptroller's ultra vires conduct. Other courts have likewise

limited the application of *Nestle*. *See*, *Montrose Mgt. Dist. v. 1620 Hawthorne, Ltd.*, 435 S.W.3d 393, 410-11, n. 16 (Tex.App.-Houston [14th Dist.] 2014) (*Nestle* does not apply to ultra vires claims).

Accordingly, Appellants' failure to comply with Chapter 112's requirements present no obstacle to consideration of the claims raised by this appeal.

> **IV.** ***Appellants' pleadings provided sufficient relevant, undisputed allegations conclusively establishing that the administrative orders were void and unenforceable ab initio as a matter of law, thus, there was no final judgment to support the Comptroller's collection efforts, and the trial court abused its discretion by failing to grant the temporary restraining order.***

> **A. Appellants' pleadings established the invalidity of the rules as a matter of law.**

### *§ 2001.038 is not controlled by Chapter 112.*

"[S]ection 2001.038 is a grant of original jurisdiction and, moreover, waives sovereign immunity." *Tex. Logos, L.P. v. Tex. Dept. of Transp.*, 241 S.W.3d 105, 123 (Tex. App.-Austin 2007, no pet.). The APA gives the district court jurisdiction to resolve two issues: "(1) whether a rule is *valid*, and/or (2) whether a rule is *applicable*." *Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 529 (Tex. App.-Austin 2002, pet. denied). "[The APA] authorizes declaratory relief when determining the validity or applicability of a rule, if the plaintiff alleges `that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff.'" *El Paso Hosp. Dist. v. Tex. Health & Human Servs. Comm'n*, 247 S.W.3d 709, 713 (Tex. 2008) (quoting Tex. Gov't Code Ann. § 2001.038(a)).

Appellants further assert that suit under Section 2001.038 is not a suit filed under Chapter 112 because its purpose is to determine the validity of the audit procedure, and not to challenge the propriety of a tax assessment, potentially bringing it into the purview of Chapter 112. *See*, *Combs v. Entertainment Publications, Inc.*, 292 S.W.3d 712 (Tex. App. 2009) ("Entertainment did not seek declaratory relief regarding the tax itself, but regarding the *validity of the rule* promulgated by the

Comptroller in violation of the APA, for which the legislature has expressly permitted suit by a declaratory-judgment action"). When an agency promulgates a rule without complying with the statutory rule-making procedures, the rule is invalid and may be challenged in the absence of exhaustion of administrative remedies. *See* APA § 2001.035(a); *El Paso Hosp. Dist.*, 247 S.W.3d at 715.

Since suit pursuant to Section 2001.038 is pursuant to an original grant of authority, it is filed without regard to Chapter 112 mandates, and is therefore sufficient to invoke the court's jurisdiction without compliance with Chapter 112.

### *The administrative judgment is void and unenforceable*

To establish entitlement to a declaratory judgment pursuant to § 2001.038, the challenged procedure or document must be a rule as defined by the Administrative Procedure Act (APA). Tex. Gov't Code Ann. § 2001.003(6). The jurisdictional inquiry concerns whether the Comptroller's memos constitute rules under the APA and, if so, whether that rule or its threatened application interferes with or impairs Plaintiffs' legal rights or privileges. *Combs v. Entertainment Publ'ns, Inc.*, 292 S.W.3d at 720. Accordingly, to ascertain its jurisdiction, the trial court necessarily had to determine whether the memos were rules.

In making this determination, the trial court was not required to delve into the merits of the claims, *see Texas Dep't of Pub. Safety v. Salazar*, 304 S.W.3d 896, 903 (Tex.App.-Austin 2009, no pet.) — nor would such an inquiry be proper. *See Bland Indep. Sch. Dist.*, 34 S.W.3d 547; *Hendee*, 228 S.W.3d at 366." *Texas Dept. Of Transp. v. Sunset Transp.*, 357 S.W.3d 691, 702 (Tex.App.-Austin 2011). Section 2001.038 only authorizes a district court to resolve whether an administrative rule is valid or whether an administrative rule is applicable. *Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 529 (Tex.App.-Austin 2002, pet. denied).

The court's assumption of jurisdiction over this claim necessitates the conclusion that it was determined that the memos were rules. A rule is invalid and unenforceable unless the Comptroller promulgates and adopts it in accordance with the requirements of the APA. Tex. Gov't. Code Ann. §§ 2001.035,[8] 2001.004[9] and

---

[8]§ 2001.035. Substantial Compliance Requirement; Time Limit on Procedural Challenge
(a) A rule is voidable unless a state agency adopts it in substantial compliance with Sections 2001.0225 through 2001.034.

[9]§ 2001.004 Requirement to Adopt Rules of Practice and Index Rules, Orders, and Decisions
In addition to other requirements under law, a state agency shall:
(1) adopt rules of practice stating the nature and requirements of all available formal and informal procedures;
(2) index, cross-index to statute, and make available for public inspection all rules and other written statements of policy or interpretations that are prepared, adopted, or used by the agency in discharging its functions; and

2001.005[10]. It is undisputed that neither AP92 nor AP122 were promulgated pursuant to APA requirements, and were therefore invalid and unenforceable as a matter of law. Gov't Code §§ 2001.023-.037.

Appellants' claims are buttressed by this court's holding in *Sanadco 1* where this issue was addressed and the court held, "we conclude that the directives in AP 92 and AP 122 are in fact rules. For that reason, we must also conclude that the district court had jurisdiction over Sanadco's claim that AP 92 and AP 122 were invalid rules and that, therefore, the district court erred by dismissing Sanadco's first counterclaim". *Sanadco, Inc. et. al. v. Texas Comptroller of Public Accounts, et. al.,* No. 03-11-00462-CV, *14 (Tex. App.—Austin, September 26, 2013). Although this court reversed that decision on other grounds, the reasoning in this case gives a strong basis for the conclusion that the memoranda are rules, and the district court's jurisdiction was therefore invoked by plaintiffs' claim.

---

(3) index, cross-index to statute, and make available for public inspection all final orders, decisions, and opinions.

[10] § 2001.005 Rule, Order, or Decision Not Effective Until Indexed
(a) A state agency rule, order, or decision made or issued on or after January 1, 1976, is not valid or effective against a person or party, and may not be invoked by an agency, until the agency has indexed the rule, order, or decision and made it available for public inspection as required by this chapter.
(b) This section does not apply in favor of a person or party that has actual knowledge of the rule, order, or decision.

In the absence of enforceable audits, there is nothing to support the enforcement activities. Thus, there is no need to establish probable injury or probable right to recovery from the unenforceable order as Appellees contend. The trial court therefore abused its discretion by permitting continuation of the unenforceable enforcement activities by denying the temporary injunction.

### *Appellants entitled to ruling on declaratory judgments before enforcement activities commenced*.

Section 2001.038 provides that "[a] court may render a declaratory judgment without regard to whether the plaintiff requested the state agency to rule on the validity or applicability of the rule in question." Tex. Gov't Code Ann. § 2001.038 (d).

The Texas Supreme Court has held that an action for declaratory relief is permissible, even during the pendency of an administrative proceeding, when the issue is whether the agency is exercising authority beyond its statutorily conferred powers. *See City of Sherman v. Public Util. Comm'n*, 643 S.W.2d 681, 683 (Tex. 1983). Further, the statutory language emphasized above clearly implies that section 2001.038 permits a plaintiff to bring a declaratory-judgment action challenging the validity of an agency rule even without the initiation of administrative proceedings.

The UDJA provides a basis for a claimant to obtain a declaration of rights, status, or other legal relations under a writing or statute. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1997); *City of Waco*, 83 S.W.3d at 177. The legislature intended the UDJA to be remedial, to settle and afford relief from uncertainty and insecurity with respect to rights, and to be liberally construed. Tex. Civ. Prac. & Rem. Code Ann. § 37.002 (West 1997); *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

Declaratory-judgment actions are intended to determine the rights of parties when a controversy has arisen, *before* any wrong has actually been committed, and are preventative in nature. *Cobb v. Harrington,* 144 Tex. 360, 366, 190 S.W.2d 709, 713 (1945); *Montemayor v. City of San Antonio Fire Dept*., 985 S.W.2d 549, 551 (Tex.App.-San Antonio 1998, pet. denied). Historically, challengers to improper governmental action have sought declaratory relief. *Frasier v. Yanes,* 9 S.W.3d 422, 427 (Tex.App.-Austin 1999, no pet.); see *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996).

A person seeking a declaratory judgment need not have incurred actual injury. *City of Waco*, 83 S.W.3d at 175; *Texas Dept. of Banking v. Mount Olivet Cemetery Ass'n*, 27 S.W.3d 276, 282 (Tex.App.-Austin 2000, pet. denied). Courts have also

issued declaratory judgments construing a statute before the statute is violated. *See The Pea Picker, Inc. v. Reagan*, 632 S.W.2d 674, 677 (Tex.App.-Tyler 1982, writ ref'd n.r.e.) (trial court had power to construe Open Meetings Act and determine whether notice must be given and when meeting is required to be open).

Appellants do not seek declaratory relief regarding the tax refund itself, but regarding the validity of the rule promulgated by the Comptroller in violation of the APA, construction of relevant statutes, including their constitutionality, and certain ultra vires acts of a state official, for which the legislature has expressly permitted suit by a declaratory-judgment action. See APA § 2001.038; Tex. Civ. Prac. & Rem. Code Ann. § 37.001 et. seq.; *Combs v. Entertainment Publ'ns, Inc.*, 292 S.W.3d 712, 720. Since this is not a suit for a refund or protest pursuant to Tex. Tax Code Ann. § 111.104 or 111.105 their requirements are not relevant to Plaintiffs' right to seek injunctive relief. *Combs v. Entertainment Publications*, 292 S.W.3d 712, 720 (Tex.App. [3rd] 2009).

Accordingly, this Court may enter an order reversing the trial court's order denying the temporary injunction, and render judgment prohibiting the Comptroller from further enforcement activities or use of these procedures in future audits until they have complied with the APA requirements. *See El Paso Hosp. Dist. v. Texas*

*Health & Human Servs. Comm'n*, 247 S.W.3d 709, 715 (Tex. 2008). The court should further render judgment that all audits performed pursuant to the procedures mandated by AP92 and AP122, including the use of HB 11 data, are invalid pursuant to Gov't Code § 2001.035, Gov't Code § 2001.004 and Gov't Code § 2001.005, and prohibit enforcement of the resulting tax liabilities, including all taxes, penalties and interest.

### B. Appellants' pleadings established the nullification of the administrative judgment as a matter of law.

The Administrative Procedure Act (APA) allows a party aggrieved by a final agency decision in a contested case to seek judicial review of the agency's decision if the party has exhausted all of its administrative remedies available within the agency. *See* Tex. Gov't Code § 2001.171. To exhaust its administrative remedies, a party must timely file a motion for rehearing with the agency. *See id.* § 2001.145(a). If a motion for rehearing is not timely filed, the trial court lacks jurisdiction over a suit for judicial review of the agency's decision. *Hill v. Board of Trs.*, 40 S.W.3d 676, 679 (Tex. App. — Austin 2001, no pet.).

Assuming that a timely motion for rehearing has been filed, after the motion has been overruled, the losing party must file its petition for judicial review no later than the 30th day after the order becomes final and appealable. *See* Tex. Gov't Code

§ 2001.176(a). If the petition for judicial review is not timely filed, the trial court lacks jurisdiction over the suit. *HCA Healthcare Corp. v. Texas Dep't of Ins.*, 303 S.W.3d 345, 352 (Tex. App. — Austin 2009, no pet.) (holding that APA Section 2001.176(a) requirement that suit for judicial review must be filed within 30 days of agency decision becoming final and appealable is jurisdictional). *The Allee Corporation v. Texas Department of Motor Vehicles*, 03-13-00096-CV, *6-7 (Tex.App.-Austin 11-21-2014). If jurisdiction is successfully invoked, "the filing of the petition vacates a state agency decision for which trial de novo is the manner of review authorized by law. . . ." Tex. Gov't Code Ann. § 2001.176 (b) (3).

Appellants' petition for judicial review pursuant to Tex. Gov't Code Ann. § 2001.173 and Tex. Gov't Code § 2001.174 is for a de novo hearing to determine the validity of the deficiency assessments sought to be collected by the Comptroller in the contested proceeding and seeks judgment that the audit is void and unenforceable. When disputed facts relevant to the jurisdictional inquiry are not presented, whether a court has subject-matter jurisdiction is a question of law, and is reviewed de novo. *See Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004)* (subject-matter jurisdiction is determined as matter of law on pleadings and when evidence relevant to jurisdictional inquiry is undisputed); *Bexar*

*Metro. Water Dist. v. City of Bulverde*, 156 S.W.3d 79, 85-86 (Tex. App. — Austin 2004, pet. denied). When the only issue under review involves a pure question of law, the standard of review is de novo. *In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994); City of Pasadena v. Gennedy, 125 S.W.3d 687, 691 (Tex. App.-Houston [1st Dist.] 2003, pet. denied); *Doan v. Christus Health ArkLa-Tex*, 329 S.W.3d 907, 910 (Tex.App.-Texarkana 2010, no pet.).

The only factual issue to be determined is whether Appellants timely filed the petitions for judicial review, which is undisputed, because they are part of the court record. The only dispute Appellees raise is whether the petitions invoked the court's jurisdiction in the absence of compliance with Chapter 112, which is a pure question of law that can be determined from the information before the court.

The sine qua non of a de novo trial is the nullification of the judgment of the first tribunal and a retrial of the issues on which the judgment or order was founded. When jurisdiction of the second tribunal attaches, the judgment of the first tribunal is not merely suspended, but nullified. *Texas Dept. of Public Safety v. Banks Transp. Co.,* 427 S.W.2d 593, (Tex. Sup. 1968*); Southern Canal Co. v. State Bd. of Water Engineers*, 318 S.W.2d 619; 159 Tex. 227 (Tex. 1958). Accordingly, "res judicata" and "final judgment" are inapplicable in de novo proceedings because the original

administrative order that is the subject of appeal is nullified in a de novo proceeding. *State Bd. of Ins. v. Republic Nat'l Ins. Co.*, 384 S.W.2d 369, 372 (Tex.Civ.App. — Austin 1964, writ ref'd n.r.e.).

Consequently, the filing of the petition for review nullified the administrative judgment, leaving nothing for the Comptroller to enforce pending entry of a final judgment in the petition for review, and such enforcement activity was illegal and premature. In the absence of a final judgment in the redetermination hearing, no tax has yet been imposed and no tax is "due and payable" upon which a delinquency may be predicated.

A void order has no force or effect and confers no right; it is a nullity. *See In re Garza,*, 126 S.W.3d 268, 271 (Tex. App.-San Antonio 2003, orig. proceeding). Where the trial court (in this case the administrative judge) did not have jurisdiction to render a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the cause. *Fulton v. Finch*, 162 Tex. 351, 356, 346 S.W.2d 823, 827 (1961) (orig. proceeding) (If the trial court lacks jurisdiction, the appellate court only has jurisdiction to set the judgment aside and dismiss the cause.); *Crane v. Richardson Bike Mart, Inc.*, 295 S.W.3d 1, 5 (Tex. App.-El Paso 2009, no pet.).

### C. Appellants' pleadings established the Comptroller's ultra vires conduct as a matter of law.

Appellants sued the Comptroller seeking "a declaratory judgment . . . declaring that the Comptroller's memoranda, designated as AP 92, AP 122 (incorporating HB 11), are invalid administrative rules. They allege the Comptroller acted ultra vires when he failed to perform the purely ministerial, non-discretionary act of adopting them in accordance with the requirements of the APA found at Tex. Gov't Code Ann. §§ 2001.035 and 2001.004." (CR 293 ¶42). Such an allegation is sufficient to allege an ultra vires act subject to adjudication pursuant to the Declaratory Judgment Act. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372, 373 (Tex. 2009). In *Heinrich*, the Supreme Court defined ultra vires suits:

> [S]uits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money. To fall within this ultra vires exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.

These allegations fit this definition because the legislature has vested the Comptroller with authority:

[T]o adopt rules that do not conflict with the laws of this state or the constitution of this state or the United States for the enforcement of the provisions of this title and the collection of taxes and other revenues under this title. In addition to the discretion to adopt, repeal, or amend such rules permitted under the constitution and laws of this state and under the common law, the comptroller may adopt, repeal, or amend such rules to reflect changes in the power of this state to collect taxes and enforce the provisions of this title due to changes in the constitution or laws of the United States and judicial interpretations thereof.

As this is a discretionary function, the Comptroller is under no ministerial duty to promulgate the memos as a Rule upon their publication. They remained invalid and unenforceable, however, until they were properly promulgated in accordance with the APA requirements. It then became the Comptroller's ministerial duty to submit the memos for formal adoption prior to implementing them as auditing procedures.

In the absence of a valid Rule, the Comptroller's implementation of the memos was without legal authority because of her failure to perform a purely ministerial act. Consequently, the Comptroller engaged in ultra vires conduct because she acted without legal authority and failed to perform a purely ministerial act, and this Court should so hold.

Accordingly, the collection activity is void and the comptroller should dismiss the underlying administrative judgment and reimburse Appellants for the

illegally collected funds, and the results of said activity should be nullified. *State v. Crawford*, 262 S.W.3d 532, 546 (Tex.App.-Austin 2008, no pet.).

## CONCLUSION

Each of the underlying administrative judgments upon which the Comptroller relies to validate his collection activities are void and unenforceable as a matter of law. They are void and unenforceable because the audit procedures upon which the judgments are predicated were unauthorized because they were not properly adopted in accordance with APA requirements. They are void and unenforceable because the Comptroller engaged in ultra vires conduct when he failed to perform the purely administrative act of adopting these new audit procedures as mandated by the APA, and exceeded his statutory authority when he authorized the implementation and use of the invalid memos to conduct the audits. Moreover, he exceeded his statutory authority by authorizing the estimation of the audits, and unilaterally establishing an irrebuttable presumption to impose the 50% penalty, in contravention of statutory authority.

These statutory violations are established as a matter of law by reference to the undisputed pleadings on file at the time of the entry of the trial court's judgment without any additional factual findings. Since the trial court exercised jurisdiction

over these claims, we must presume that he determined that AP92 and 122 were rules as defined by the APA. In the absence of controverting allegations to the contrary—indeed in the face of judicial admissions—we must also presume that he determined that the Comptroller failed to adopt the memos properly as required by the APA and invalidated the audits and the judgments supporting them *as a matter of law.*

Accordingly, this court should reverse and render judgment that the audits are invalid and prohibit their enforcement and use until the rules are properly adopted.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Appellants pray that this Court will reverse the trial court's order denying the temporary restraining order and render judgment that the audits were invalid, and unenforceable, and order the comptroller to cease its enforcement efforts and reimburse all funds and property collected from the Appellants. In the alternative, Appellants pray the court to reverse the judgment of the trial court and remand it for further proceedings. Appellants pray for such other and further relief in law and in equity to which they may show themselves entitled.

Respectfully submitted,

*Law Office of*
*Samuel T. Jackson*
PO Box 170633
Arlington, TX 76003-0633

Tel: (512) 692-6260

Fax. 866-722-9685
ATTORNEY FOR
APPELLANTS


By: /s/ Samuel T. Jackson

Samuel T. Jackson
Texas Bar No. 10495700


## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4 (i) (2) (C), because it contains 6,550 words, excluding any parts exempted by Tex. R. App. P. 9.4 (i) (1), as counted by the computer program used to prepare this document.


## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the above and foregoing instrument was served on the parties or their attorneys **via facsimile**, certified mail, return receipt requested, and/or hand delivery on August 20, 2011, in accordance with the Texas Rules of Appellate Procedure, to the following:

## JACK HOHENGARTEN

Assistant Attorney General
FINANCIAL LITIGATION
DIVISION

P.O. Box 12548
Austin, TX 78711-2548

TEL: (512) 475-3503

FAX: (512) 477-2348/480-8327

Email: jack.hohengarten@oag.state.tx.us

ATTORNEY FOR DEFENDANTS