ACCEPTED
03-15-00430-CV
6561637
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/19/2015 12:38:59 PM
JEFFREY D. KYLE
CLERK

# NO. 03-15-00430-CV

## In The
## Third Court of Appeals

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/19/2015 12:38:59 PM
JEFFREY D. KYLE
Clerk

### AT AUSTIN, TEXAS

**Sanadco Inc., Mahmoud A. Isba, Broadway Grocery, Inc., Shariz, Inc., Ruby & Sons Store, Inc., and Rubina Noorani,**

**APPELLANTS**

**VS.**

**The Office of the Comptroller of Public Accounts; Glenn Hegar, in his individual and official capacities as Comptroller of Public Accounts for the State of Texas; and Ken Paxton in his official capacity as Attorney General of the State of Texas,**

**APPELLEES**

_____

**Appeal From Cause No D-1-GN-13-004352**
**The 250th District Court Of Travis County, Texas**
**The Honorable Karin Crump, Presiding**
_____

## APPELLANT'S MOTION TO EXTEND TIME
## FOR FILING RECORD AND TO TRANSFER RECORD

**TO THE HON0RABLE THIRD COURT OF APPEALS:**

NOW COME SANADCO INC, MAHMOUD AHMED ISBA, BROADWAY GROCERY, INC., SHARIZ, INC., RUBY & SONS STORE, INC., AND RUBINA NOORANI, Appellants in the above-referenced cause, and file this Motion to Transfer the record filed in an accelerated appeal, and for cause would show the court:

1. The Clerk has previously filed a record in this court in Accelerated Appeal No. 03-14-00771-CV consisting of the then-existing records

from Cause No. D-1-GN-13-004352 filed in the 200th District Court of Travis County, Texas. The court is requested to take judicial notice of the files in this cause.

2.  The court entered judgment in No. 03-14-00771 on July 3, 2015 from which no motion for rehearing was filed, and the judgment became final on August 2, 2015.

3.  Judgment was rendered in Cause No. D-1-GN-13-004352 on April 27, 2015, denying Appellants' Application for Temporary Restraining Order and Temporary Injunction for lack of jurisdiction and stayed all further proceedings pending judgment in No. 03-14-00771. (Exhibit A)

4.  Appellants extended the time for filing appeal by timely filing a Motion for New Trial on May 18, 2015. (Exhibit B). No hearing was held, and said motion became final by operation of law on July 12, 2015, and the court's plenary jurisdiction expired on August 11, 2015.

5.  It now appears that the judgment appealed from was not a final judgment because it was a denial of temporary orders, and not on the merits of the case, thus the appeal may not be pursued until a hearing on the merits is conducted.

6.  No date has been set for a hearing on the merits, and it is anticipated that the parties may require time to prepare motions

for summary judgment prior to setting the merits hearing.

7.  Without an extension of time to file the record, it will become due on August 27, 2015.

**PRAYER**

**ALL PREMISES CONSIDERED**, Appellants respectfully move the court to abate these proceedings and extend the time for filing the record pending a final judgment on the merits in Cause No. D-1-GN-13-004352, and to grant Appellants motion to transfer the clerk's record on file in No. 03-14-00771 pending this appeal.

Respectfully submitted,

By: /s/ Samuel T Jackson
*Law Office of*
*Samuel T. Jackson*
Texas Bar No. 10495700

2315 Vernell Way
Round Rock, TX 78664-4617
Mob. (512) 924-5794
Tel. (512) 692-6260
Fax. (866) 722-9685
FOR APPELLANTS
Email: jacksonlaw@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the above and foregoing instrument was served on the parties or their attorneys **via facsimile**, certified mail, return receipt requested, and/or hand delivery on August 19, 2015, in accordance with the Texas Rules of Appellate Procedure, to the following:

**JACK HOHENGARTEN**
Assistant Attorney
General State Bar No.
09812200 Office of the
Attorney General
Financial Litigation, Tax, and Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 475-3503
Fax: (512) 477-2348
jack.hohengarten@texasattorneygeneral.gov
**Attorney for Appellees**

## CERTIFICATE OF CONFERENCE

I hereby certify by my signature above that I have attempted to confer with opposing counsel of record regarding this motion by electronic mail dated August 18, at 2:04 p.m., but I have not yet received his response. Consequently, this motion is considered to be opposed by the appellees.

CAUSE NO. D-1-GN-13-004352

| | | |
|---|---|---|
| SANADCO INC., A TEXAS CORP.,<br>MAHMOUD AHMED ISBA,<br>BROADWAY GROCERY INC.,<br>SHARIZ, INC., RUBY & SONS<br>STORE, INC., AND RUBINA<br>NOORANI,<br>       Plaintiffs,<br>v.<br><br>GLENN HEGAR, IN HIS<br>INDIVIDUAL AND OFFICIAL<br>CAPACITY AS COMPTROLLER<br>OF PUBLIC ACCOUNTS<br><br>OFFICE OF COMPTROLLER OF<br>PUBLIC ACCOUNTS FOR THE<br>STATE OF TEXAS,<br><br>AND KEN PAXTON IN HIS<br>OFFICIAL CAPACITY AS<br>ATTORNEY GENERAL OF<br>THE STATE OF TEXAS,<br>       Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br><br><br><br>200TH JUDICIAL DISTRICT<br><br><br><br><br><br><br><br><br><br>TRAVIS COUNTY, TEXAS |

Filed in The District Court
of Travis County, Texas
At _____
APR 27 2015
4:55 ᵖ.M.
Velva L. Price, District Clerk

## ORDER DENYING PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

On April 23, 2015, the Court heard Plaintiffs' Application for a Temporary Restraining Order and Temporary Injunction (the "Application"). Plaintiff Mahmoud Ahmed Isba appeared in person and through counsel of record, Samuel T. Jackson. All other Plaintiffs appeared through counsel of record, Samuel T. Jackson. Glenn Hegar, in his individual and official capacity as Comptroller of Public Accounts, the Office of Comptroller of Public Accounts for the State of Texas, and Ken Paxton in his official capacity as Attorney General of the State of Texas, appeared through counsel of record, Jack Hohengarten.

EXHIBIT A

ORDER DENYING TRO/TI

1

1. Prior to filing the Application, Plaintiffs filed the following:

    a. On December 27, 2013, Plaintiffs Sanadco Inc. and Mahmoud Ahmed Isba filed Plaintiffs' Original Petition for Judicial Review, Declaratory Judgment, Temporary Injunction and Request for Disclosure.

    b. On March 13, 2014, Plaintiffs filed Plaintiffs' First Amended Petition for Judicial Review, Declaratory Judgment, Temporary Injunction and Request for Disclosure.

    c. On August 6, 2014, Plaintiffs filed Plaintiffs' Second Amended Petition for Judicial Review, Declaratory Judgment, Temporary Injunction and Request for Disclosure.

    d. On October 17, 2014, Plaintiffs filed Plaintiffs' Third Amended Petition for Judicial Review, Declaratory Judgment, Temporary Injunction and Request for Disclosure.

2. On January 23, 2014, Defendants' filed their Original Answer asserting a plea to the jurisdiction under Texas Rules of Civil Procedure Rule 92.

3. On November 13, 2014, the Court signed an Order **denying Plaintiffs' application for temporary injunction**.

4. On December 3, 2014, Plaintiffs filed an accelerated appeal of the Order, which is currently pending before the Third Court of Appeals for the State of Texas in Cause No. 03-14-00771-CV.

5. On March 23, 2015, Plaintiffs filed this Application.[1]

---

[1] In the Application, Plaintiffs assert substantially identical claims and requests for injunctive relief that are already pending before the Third Court of Appeals.

After considering Plaintiffs' Application, the arguments of counsel, the evidence presented, the pleadings on file[2], the appellate briefing, and all other relevant factors, the Court finds it does not have jurisdiction to consider Plaintiff's Application. Moreover, to the extent the Court has jurisdiction to consider the Application, Plaintiffs have not demonstrated a likelihood of success on the merits. Accordingly, Plaintiffs' Application for a Temporary Restraining Order and Temporary Injunction is **DENIED**.

The Court **STAYS** all further proceedings in this case until resolution of Plaintiffs' appeal before the Third Court of Appeals for the State of Texas in Cause No. 03-14-00771-CV.

SIGNED this 27th day of April 2015.

_____
JUDGE PRESIDING

---

[2] The Court further reviewed pleadings from Cause No. D-1-GV-10-000902, similarly styled *Sanadco, Inc. et al v. The Office of the Comptroller et al*, before the 98th Judicial District of Travis County. In Cause No. D-1-GV-10-000902, Plaintiffs asserted substantially identical claims and requests for injunctive relief in their Application before this Court and in Cause No. 03-14-00771-CV before the Third Court of Appeals. On July 8, 2011, the Court granted Defendants' Plea to the Jurisdiction and Summary Judgment in favor of Defendants. On July 25, 2011, Plaintiffs appealed the ruling to the Third Court of Appeals for the State of Texas in Cause No. 03-11-00462-CV. On March 25, 2015, the Third Court of Appeals issued a Memorandum Opinion, which affirmed the trial court's Order dismissing all of Plaintiffs' counterclaims on jurisdictional grounds.

ORDER DENYING TRO/TI

3

CAUSE NO.  D-1-GN-13-4352

| | | |
|---|---|---|
| SANADCO INC, A TEXAS CORPORATION, | § | IN THE DISTRICT COURT |
| MAHMOUD AHMED ISBA, BROADWAY | § | |
| GROCERY, INC., SHARIZ, INC., AND RUBY & | § | |
| SONS STORE, INC., AND RUBINA NOORANI, | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| VS | § | |
| | § | |
| SUSAN COMBS, IN HER INDIVIDUAL | § | TRAVIS COUNTY, TEXAS |
| AND OFFICIAL CAPACITY | § | |
| AS COMPTROLLER OF PUBLIC ACCOUNTS, | § | |
| | § | |
| OFFICE OF COMPTROLLER OF PUBLIC | § | |
| ACCOUNTS FOR THE STATE OF TEXAS, | § | |
| | § | |
| AND GREGG ABBOTT IN HIS OFFICIAL | § | |
| CAPACITY AS ATTORNEY GENERAL OF | § | |
| THE STATE OF TEXAS | § | |
| *Defendants* | § | 200TH JUDICIAL DIST. |

## PLAINTIFFS' MOTION FOR NEW TRIAL
## AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW SANADCO INC, MAHMOUD AHMED ISBA, BROADWAY GROCERY, INC., SHARIZ, INC, RUBY & SONS STORE, INC., AND RUBINA NOORANI, Plaintiffs, who move this Court to set aside its *Order Denying Plaintiffs' Application for Temporary Restraining Order and Temporary Injunction,* entered in this cause on April 27, 2015, and grant a new trial pursuant to Tex. R. Civ. P. 329b, and to permit Plaintiffs to amend their pleadings to comply with jurisdictional requirements, and for cause would show the Court the following:

EXHIBIT B

1.   This Motion for New Trial is presented within 30 days of rendition of judgment as prescribed by the Texas Rules of Civil Procedure and is requested for good cause.

2.   Plaintiffs incorporate by reference the attached Appellant's motion for further rehearing brief filed in a related case in the Third Court of Appeals in support of this motion as though it were fully recited verbatim herein, and further assert the following:

3.   ***The Court erred in concluding that Chapter 112 governed its jurisdiction over all of Plaintiffs' claims*** because Chapter 112 was held to be unconstitutional by the Texas Supreme Court in *R Communications, Inc. v. Sharp*, 875 S.W.2d 314, 314 (Tex. 1994), *Weck v. Sharp*, 884 S.W.2d 153, 154 (Tex. 1994), and in the Third Court of Appeals' holdings in *Richmont Aviation, Inc. v. Combs*, 03-11-00486-CV (Tex.App.-Austin 9-12-2013); *FM Express Food Mart, Inc. v. Combs*, No. 03-12-0144-CV, 2013 Tex. App. LEXIS 2744, at *17 n.6 (Tex. App.-Austin Mar. 15, 2013, no pet.) (mem. op.); and *Local Neon Co. v. Strayhorn,* No. 03-04-00261-CV, 2005 Tex. App. LEXIS 4667, at *17 n.6 (Tex. App.-Austin June 16, 2005, no pet.) (mem. op.) Page-11; *Rylander v. Bandag Licensing Corp.*, 18 S.W.3d 296 (Tex. App.-Austin 2000, pet. denied)—all   holding that Chapter 112's prepayment requirements are unconstitutional as a prohibitive bar to access to the courts.

4.   Neither of these cases was overruled by *In re Nestle USA, Inc.*, 359 S.W.3d 207 (Tex. 2012), because the issue of the constitutionality of the statute was never raised by either party, nor addressed by the court. Accordingly, the court erred in denying Plaintiffs' motions for failure to comply with an unconstitutional statute.

5.   ***The Court erred in concluding that it was without jurisdiction to consider Plaintiffs' application for temporary injunction*** because they have properly alleged jurisdiction pursuant to TEX. GOV'T. CODE ANN. § 2001.038, wherein sovereign immunity is waived when it is alleged that a rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff.

6.   Plaintiffs pleaded that the rules in question impair or threaten to impair their legal

rights. Having complied with the statute's condition, Plaintiffs were entitled to a declaratory judgment regarding the rules' validity before the rule's application. *Rutherford Oil v. Land Office of Texas*, 776 S.W.2d 232, 235 (Tex.App.-Austin 1989). Accordingly, the trial court abused its discretion by refusing to enjoin the comptroller from engaging in enforcement activities before adjudication of the validity of the rule.

7. ***The court erred in concluding that it was without jurisdiction over Plaintiffs' petitions for judicial review*** because *In re Nestle USA, Inc.*, 359 S.W.3d 207 (Tex. 2012), did not apply to timely filed petitions for judicial review because the Texas Supreme Court in *Nestle* affirmed that "these taxpayer rights of action are created by statute, waiving the State's immunity from suit, 'the courts may act only in the manner provided by the statutes which created the right.'" *Id*. at 212, citing, *Dan Ingle, Inc. v. Bullock*, 578 S.W.2d 193, 194 (Tex.Civ.App.-Austin 1979, writ ref'd) citing *Robinson v. Bullock*, 553 S.W.2d 196, 197 (Tex.Civ.App.-Austin 1977, writ ref'd n.r.e.).

8. The right to judicial review is created by subchapter G of the Administrative Procedure Act (APA). See TEX. GOV'T CODE ANN. §§ 2001.171-.178, which provides: "A person *who has exhausted all administrative remedies* available within a state agency and who is *aggrieved by a final decision* in a contested case *is entitled to judicial review under this chapter*." *Id*. § 2001.171.

9. These parties, with the exception of Ruby & Sons Store, Inc., and Rubina Noorani, have exhausted their administrative remedies and are therefore entitled to judicial review without the additional burden of compliance with Chapter 112, and this court's denial of this right for failure to comply with its requirements was in error.

10. ***The court erred in concluding that it was without jurisdiction over Plaintiffs' ultra vires and constitutional claims*** because sovereign immunity is not impacted by these claims since they are not claims against the state.

11. *Ultra Vires* suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity. *City of El Paso v. Heinrich,*

*284 S.W.3d 366, 372-73 (Tex. 2009).* To fall within the *ultra vires* exception to sovereign immunity, a suit "must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Id.* (citations omitted). *Ultra vires* suits must be brought against governmental actors in their official capacity, not against the governmental entities themselves. *Id.*

12. Because no waiver of sovereign immunity is necessary for claims challenging the constitutionality of a state statute, to the extent any of these claims is viable the district court has jurisdiction over them. *See General Services Commission v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001); *Texas State Employees Union v. Texas Workforce Commission*, 16 S.W.3d 61, 66-67 (Tex.App.-Austin 2000, no pet.).

13. Sovereign immunity bars such suits unless the legislature has waived immunity, *see Mega Child Care, Inc.*, 145 S.W.3d at 198 (acknowledging that statutory right to judicial review of administrative decisions waives sovereign immunity against such suits), *or the claimant affirmatively alleges facts demonstrating that the agency's action is unconstitutional or ultra vires of the agency's statutory authority*. *See Texas Highway Commission v. Texas Association of Steel Importers*, 372 S.W.2d 525, 530 (Tex. 1963); *Southwestern Bell Tel. Co. v. Public Util. Commission*, 735 S.W.2d 663, 668 (Tex.App.-Austin 1987, no writ). *Creedmoor-Maha Water Supply v. TCEQ*, 307 S.W.3d 505, 514-15 (Tex.App.-Austin 2010).

14. Plaintiffs alleged that the Comptroller engaged in ultra vires conduct by failing to perform the non-discretionary act of promulgating AP92 and AP122 before authorizing their implementation, and challenged the constitutionality of TEX. TAX CODE ANN. §§ 111.0042 and 111.022 for vagueness, and, unless the court finds these pleadings to be deficient, jurisdiction is acquired.

15. ***The Court erred when it concluded that Chapter 112 deprived it of jurisdiction of Sanadco's defensive claims***, because the collection suit was filed pursuant to Tax Code § 111.010 and not Chapter 112.

16. "[W]here a state voluntarily files a suit and submits its rights for judicial

determination it will be bound thereby and *the defense will be entitled to plead and prove all matters properly defensive, including* the right to make *any defense by answer or cross-complaint* germane to the matter in controversy." *Reata Construction Corp. v. City of Dallas,* 197 S.W.3d 371 (Tex. 2006); *Anderson, Clayton & Co. v. State ex rel. Allred*, 122 Tex. 530, 62 S.W.2d 107, 110 (1933).

17. Sanadco has alleged valid claims against the State under § 2001.038 for its violations regarding AP 92 and AP 122. *Sanadco, et al v. Office of the Comptroller of Public Accounts, et al*, No. 03-11-00462 (Austin App.) (Sept. 26, 2013). He has also alleged valid ultra vires claims asserting the Comptroller's failure to perform purely ministerial acts, and engaging in conduct which exceeded its statutory authority. Consequently, the State's immunity is not impacted by these proceedings, and the court has not been deprived of subject-matter jurisdiction.

18. ***The court erred in failing to grant Plaintiffs an opportunity to amend their complaints to satisfy jurisdictional requirements*** because "It has long been the rule that a plaintiff's good faith allegations are used to determine the trial court's jurisdiction." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502-03 (Tex. 2010).

19. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

20. The court's failure to afford Plaintiffs and opportunity to amend their pleadings was an abuse of discretion because the pleadings did not affirmatively demonstrate a lack of jurisdiction. Plaintiffs therefore request an opportunity to amend their pleadings to comply with jurisdictional prerequisites before entry of final judgment on this motion.

**WHEREFORE, PREMISES CONSIDERED**, Appellants pray this court to grant this Motion for New Trial, or grant Appellants the opportunity to amend their pleadings to meet the jurisdictional prerequisites to suit.

Respectfully submitted,

By: __/s/ Samuel T Jackson__

Samuel T. Jackson
Texas Bar No. 10495700
PO Box 170633
Arlington, TX 76003-0633
Tel.; (512) 692-6260
Fax. (866) 722-9685
ATTORNEY FOR APPLICANTS
Email: jacksonlaw@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the above and foregoing instrument was served on the parties or their attorneys **via facsimile**, certified mail, return receipt requested, and/or hand delivery on May 18, 2015, in accordance with Rule 21a, Texas Rules of Civil Procedure, to the following:

**JACK HOHENGARTEN**
Assistant Attorney General
State Bar No. 09812200
Office of the Attorney General
Financial Litigation, Tax, and Charitable Trusts Division
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 475-3503
Fax: (512) 477-2348
jack.hohengarten@texasattorneygeneral.gov
ATTORNEY FOR DEFENDANTS

**BRIEF IN SUPPORT OF MOTION FOR NEW TRIAL**

# NO. 03-11-00462

# In The
# Third Court of Appeals

## AT AUSTIN, TEXAS

Sanadco Inc., Mahmoud A. Isba, Walid Abderrahman, Majic Investments Inc., Faisal Khan, Isra Enterprises, Inc., Hattab Al-Shudifat, Haifa Enterprises, Inc., EID Corp., Mohammed S. Al Hajeid, Majdi Rafe Okla Nsairat, Omar Unlimited, Inc., and All Others Similarly Situated,

**APPELLANTS**

VS.

The Office of the Comptroller of Public Accounts; Susan Combs, in her individual and official capacities as Comptroller of Public Accounts for the State of Texas; and Greg Abbott in his official capacity as Attorney General of the State of Texas

**APPELLEES**

Appeal From Cause No D-1-GV-10-000902
The 98th District Court Of Travis County, Texas
The Honorable Tim Sulak, Presiding

## APPELLANTS' FURTHER MOTION FOR REHEARING AND FOR RECONSIDERATION EN BANC

**SAMUEL T. JACKSON**
SBN 10495700
P.O. BOX 670133
ARLINGTON, TX 76003-0133
TEL: (512) 692-6260
FAX: (866) 722-9685
E-MAIL: jacksonlaw@hotmail.com
COUNSEL FOR RELATORS

## IDENTITY OF PARTIES AND COUNSEL

**APPELLANTS:**

**Sanadco Inc., Mahmoud A. Isba, Walid Abderrahman, Majic Investments Inc., Faisal Khan, Isra Enterprises, Inc., Hattab Al-Shudifat, Haifa Enterprises, Inc., EID Corp., Mohammed S. Al Hajeid, Majdi Rafe Okla Nsairat, Omar Unlimited, Inc., and All Others Similarly Situated,**

**COUNSEL FOR APPELLANTS:**

> **LAW OFFICE OF**
> **SAMUEL T. JACKSON**
> P.O. Box 170633
> Arlington, Texas 76003-0633
> TEL: (512) 692-6260
> FAX: (866) 722-9685
> Email: jacksonlaw@hotmail.com

**APPELLEES:**

**The Office of the Comptroller of Public Accounts; Glenn Hager, in his official capacity as Comptroller of Public Accounts of the State of Texas; and Ken Paxton, in his official capacity as Attorney General of the State of Texas**

**COUNSEL FOR APPELLEES:**

> **JACK HOHENGARTEN**
> Assistant Attorney General
> FINANCIAL LITIGATION DIVISION
> P.O. Box 12548
> Austin, TX 78711-2548
> TEL: (512) 475-3503
> FAX: (512) 477-2348/480-8327
> Email: jack.hohengarten@oag.state.tx.us

# NO. 03-11-00462

# In The
# Third Court of Appeals

## AT AUSTIN, TEXAS

Sanadco Inc., Mahmoud A. Isba, Walid Abderrahman, Majic Investments Inc., Faisal Khan, Isra Enterprises, Inc., Hattab Al-Shudifat, Haifa Enterprises, Inc., EID Corp., Mohammed S. Al Hajeid, Majdi Rafe Okla Nsairat, Omar Unlimited, Inc., and All Others Similarly Situated,

**APPELLANTS**

VS.

The Office of the Comptroller of Public Accounts; Susan Combs, in her individual and official capacities as Comptroller of Public Accounts for the State of Texas; and Greg Abbott in his official capacity as Attorney General of the State of Texas

**APPELLEES**

---

Appeal From Cause No D-1-GV-10-000902
The 98th District Court Of Travis County, Texas
The Honorable Tim Sulak, Presiding

---

## APPELLANTS' FURTHER MOTION FOR REHEARING AND FOR RECONSIDERATION EN BANC

**TO THE HONORABLE THIRD COURT OF APPEALS:**

Appellants, SANADCO, INC. ET AL, pursuant to TEX. R. APP. P. 49.5 (b), submit this Motion for Further Rehearing and for Reconsideration En Banc, in response to the opinion issued by this Court on March 25, 2015, reversing its opinion of September 26, 2013 on other grounds. Further Rehearing is requested because the court's opinion on rehearing ignores prior Texas Supreme Court

precedent of *R Commc'ns, Inc. v. Sharp*, 875 S.W.2d 314, 314 (Tex. 1994), and its own holdings in *Richmont Aviation, Inc. v. Combs*, 03-11-00486-CV (Tex.App.-Austin 9-12-2013); *Rylander v. Bandag Licensing Corp.*, 18 S.W.3d 296 (Tex. App.-Austin 2000, pet. denied); *FM Express Food Mart, Inc. v. Combs*, No. 03-12-0144-CV, 2013 Tex. App. LEXIS 2744, at *17 n.6 (Tex. App.-Austin Mar. 15, 2013, no pet.) (mem. op.); and *Local Neon Co. v. Strayhorn,* No. 03-04-00261-CV, 2005 Tex. App. LEXIS 4667, at *17 n.6 (Tex. App.-Austin June 16, 2005, no pet.) (mem. op.) Page-11, all holding that Chapter 112's prepayment requirements were unconstitutional as a prohibitive bar to court access.

This decision effectively overrules these cases *sub silentio* without acknowledgment or explanation while applying compliance with Chapter 112 as jurisdictional to virtually all challenges to tax assessments, an opprobrious bar to judicial access. The court's apparent reliance on the Texas Supreme Court's decision in *In re Nestle* appears to be woefully misplaced, therefore Appellants respectfully request that this Honorable Court consider the following issues:

## ISSUES PRESENTED

I.      Is it unconstitutional to require prepayment of taxes to file petitions for judicial review of administrative proceedings?

II.      Is Tex. Tax Code Ann. § 112.108 applicable to petitions for declaratory relief filed pursuant to Tex. Gov't Code Ann. § 2001.038?

III.      Was it error for the court to dismiss the joined petitioners' claims without giving consideration to their individual claims?

IV.      Was it error for the court to dismiss Sanadco's claims for failure to submit issues to the administrative tribunal which they were not legally authorized to address?

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ...................................................... 2

ISSUES PRESENTED ................................................................................... 5

I.   Is it unconstitutional to require prepayment of taxes to file petitions for judicial review of administrative proceedings? ................................................................ 5

II.  Is Tex. Tax Code Ann. § 112.108 applicable to petitions for declaratory relief filed pursuant to Tex. Gov't Code Ann. § 2001.038? ........................................................ 5

III.   Was it error for the court to dismiss the joined petitioners' claims without giving consideration to their individual claims? ................................................................ 5

IV.   Was it error for the court to dismiss Sanadco's claims for failure to submit issues to the administrative tribunal which they were not legally authorized to address? ........... 5

TABLE OF CONTENTS ................................................................................ 6

ARGUMENT ................................................................................................10

I.   Chapter 112 is unconstitutional as applied to the cross-plaintiffs' suits because they were contested cases pursuant to the Administrative Procedure Act with timely filed petitions for judicial review which do not require prepayment under Chapter 112. ....... 12

II.  The Court failed to recognize the individual claims of each party joining the Sanadco counter-petition and erroneously attributed Sanadco's deficiencies to the counter-plaintiffs .................................................................................................. 17

III.   The Court erred when it determined that Chapter 112 deprived it of jurisdiction of the cross-plaintiffs' rule validity claim filed pursuant to Government Code § 2001.038 ...............................................................................................19

IV.   The Court erred when it determined that Chapter 112 deprived it of jurisdiction of Sanadco's defensive claims, because the collection suit was filed pursuant to Tax Code § 111.010 and not Chapter 112. ................................................................ 22

CONCLUSION ............................................................................................28

PRAYER ....................................................................................................29

CERTIFICATE OF COMPLIANCE .............................................................30

CERTIFICATE OF SERVICE .....................................................................31

# TABLE OF AUTHORITIES

**Cases**

*Anderson, Clayton & Co. v. State ex rel. Allred*,
122 Tex. 530, 62 S.W.2d 107, 110 (1933) ................................................................ 21

*Bennett v. Grant,*
03-11-00669-CV (Tex.App.-Austin 3-20-2015) ...................................................... 16

*City of El Paso v. Heinrich*,
284 S.W.3d 366, 372 (Tex. 2009) ................................................ 14, 22, 23, 25

*City of Sherman v. Public Util.  Comm'n*,
643 S.W.2d 681, 683 (Tex. 1983) ........................................................................... 18

*Combs v.  Entertainment Publ'ns, Inc.*,
292 S.W.3d 712, 720 (Tex. App.-Austin 2009, no pet.) .................................. 1, 3, 23

*Combs v. City of Webster*,
311 S.W.3d 85, 100-01 (Tex.App.-Austin 2009, pet. denied) ................................. 19

*Combs v. Texas Entm't Ass'n, Inc.*,
287 S.W.3d 852, 864-65 (Tex. App.—Austin, 2009) .............................................. 13

*Comunidad Corp. v. State*,
445 S.W.3d 401 (Tex.App.-Houston [1st Dist.] 2013) ............................................ 24

*Creedmoor-Maha Water Supply Corp v. Texas Commission on Environmental Quality),*
*307 S.W.3d 505 (Tex. App.—Austin, 2010)* ........................................................... 25

*Cunningham v. Parkdale Bank*,
660 S.W.2d 810, 813 (Tex. 1983) ........................................................................... 21

*FM Express Food Mart, Inc. v. Combs*,
No. 03-12-0144-CV, 2013 Tex. App. LEXIS 2744, at *17 n.6 (Tex. App.-Austin Mar. 15, 2013,
no pet.) ................................................................................................................ 4, 12

*Guar. Trust Co. v. United States*,
304 U.S. 126, 134-35, 58 S.Ct. 785, (1938) ........................................................... 21

*Hendee v. Dewhurst*,
228 S.W.3d 354, 368-69 (Tex. App.-Austin 2007, pet. denied) .............................. 25

*In re Nestle USA, Inc.,*
*359 S.W.3d 207, 208 Tex.2012* ....................................................................... passim

*In re Union Carbide Corp*.,
   273 S.W.3d 152, 155 (Tex.2008) ................................................................................. 16

*Local Neon Co. v. Strayhorn*,
   No. 03-04-00261-CV, 2005 Tex. App. LEXIS 4667, at *17 n.6 (Tex. App.-Austin June 16,
   2005, no pet.).......................................................................................................... 4, 12

*Montrose Mgt. Dist. v. 1620 Hawthorne, Ltd*.,
   435 S.W.3d 393, 410-11; fn. 16 (Tex.App.-Houston [14th Dist.] 2014) ................................. 14

*R Commc'ns, Inc. v. Sharp*,
   875 S.W.2d 314 (Tex. 1994) ................................................................................... 4, 11, 14

*Reata Const. Corp. v. City of Dallas*,
   197 S.W.3d 371 (Tex. 2006) ......................................................................................... 21

*Richmont Aviation, Inc. v. Combs*,
   03-11-00486-CV (Tex.App.-Austin 9-12-2013)....................................................... 4, 11, 12, 26

*Rylander v. Bandag Licensing Corp*.,
   18 S.W.3d 296 (Tex. App.-Austin 2000, pet. denied)................................................ 4, 11, 12, 26

*Sanadco, et al v. Office of the Comptroller of Public Accounts, et al*,
   No. 03-11-00462 (Austin App.) (Sept. 26, 2013) ................................................................ 19, 23

*Subaru of America v. David McDavid Nissan*,
   84 S.W.3d 212, 224 (Tex. 2002) ..................................................................................... 13

*Tex. Dep't of Human Servs. v. ARA Living Ctrs. of Tex., Inc*.,
   833 S.W.2d 689, 693 (Tex.App.-Austin 1992, writ denied)........................................................ 17

*Texas  Department of Insurance v. Reconveyance Services, Inc.* 284 S.W.3d 366 (Tex. 2009);
   306 S.W.3d 256 (Tex. 2010) ......................................................................................... 23

*Texas Dep't of Pub. Safety v. Salazar*,
   304 S.W.3d 896, 903 (Tex.App.-Austin 2009, no pet.) .......................................................... 18

*Texas Entm't Ass'n, Inc. v. Combs*,
   431 S.W.3d 790, 795 (Tex. App.—Austin 2014, pet. denied)................................................. 13

*Texas Logos, L.P. v. Texas Dep't of Transp*.,
   241 S.W.3d 105, 123 (Tex.App.-Austin 2007, no pet.) .............................................. 17, 18, 24

*Tex-Hio Part. v. Garner*,
   106 S.W.3d 886 (Tex.App.-Dallas 2003).......................................................................... 17

*Weck v. Sharp*,
  884 S.W.2d 153, 154 (Tex. 1994) ...................................................................................... 11

**Statutes**

**Government Code**

§ 2001.038…………………………………………………………………………………passim
§ 2001.176…………………………………………………..………………………………. 9
§ 2001.171, ………………………………………………………………………………….9
§ 173.10……………………………..…………………………………………………….9

**Tax Code**

*Chapter 112* .................................................................................................. passim
§ 111.010......................................................................................................... 6, 9, 20
§ 111.0102....................................................................................................... 21
§ 112.052.......................................................................................................... 9

**Rules**

Rule 40 ............................................................................................................. 16
Rule 42;............................................................................................................. 15
Rule 97 (f) …………………………………………………………………………………15

# ARGUMENT

The court paints with an extremely broad brush respecting Sanadco's claims and those of the counter-plaintiffs in holding that "the *only* permitted taxpayer actions challenging state taxes are 'a suit after payment under protest, suit for injunction after payment or posting of a bond, and a suit for a refund,'" (quoting *In re Nestle USA, Inc., 359 S.W.3d 207, 208 Tex.2012*).  It relies heavily on *Nestle* for the erroneous assertion that Tax Code Chapter 12 bars all of Sanadco's claims and those of the remaining claimants, while ignoring several obvious distinctions between the two cases. Among them is the fact that the relator in *Nestle* sought to avoid filing its protest claims in district court through an original mandamus proceeding challenging the constitutionality of the franchise taxes pursuant to § 24 of the Texas Franchise Tax Act[1]. Thus, the Nestle court primarily addressed jurisdictional issues that are inapplicable to Sanadco's claims.

On the other hand, Sanadco presented defensive claims and counter- petitions involving a suit filed in district court by the Attorney General pursuant to Tex. Tax Code Ann. § 111.010 to collect alleged delinquent excise sales and use taxes. Sanadco raised defensive claims challenging the validity of the audits, challenges to the comptroller's *ultra vires* conduct in excess of his statutory authority, claims challenging the constitutionality of certain tax statutes, and unconstitutional takings

---

[1] Act of May 2, 2006, 79th Leg., 3d C.S., ch. 1, § 24, 2006 Tex. Gen. Laws 1, 40 (House Bill 3

claims which were all joined by the counter-plaintiffs. In addition, the counter-plaintiffs sought judicial review of their administrative claims pursuant to Gov't Code § 2001.176 pending exhaustion of their administrative remedies. None of these claims or defenses were addressed by the court in *Nestle*, and cannot be reasonably presumed from its holding.

The Texas Supreme Court specified that its opinion applied to suits authorized by Tax Code Chapter 12 . (Taxpayer suits generally, and suits challenging the franchise tax in particular, are permitted by chapter 112 of the Tax Code.) *Nestle* 359 S.W.3d at 208. It also made clear that the litigation specifically pertained to franchise taxes (Section 112.052 (a) provides that "[a] person may bring suit against the state to recover [a] . . . franchise . . . tax . . .). *Id.* Section 112.052 identifies the remaining tax suits which may be brought under Chapter 12, including occupation, excise, gross receipts, franchise, license, or privilege tax or fee. The sales and use tax does not appear among the eligible categories of taxes.

To state categorically, that "*Nestle* explicitly prohibits any attempt at relief from assessed state taxes on *any* basis except as provided in [Chapter 112]", cuts too wide a swath, and cannot be supported on closer analysis.

**I.** **Chapter 112 is unconstitutional as applied to the cross-plaintiffs suits because they were contested cases pursuant to the Administrative Procedure Act with timely filed petitions for judicial review which do not require prepayment under Chapter 112.**

The counter-plaintiffs first joined Sanadco's "Counterclaim for Declaratory Judgments and Injunction" in its Second Amended Petition filed on February 5, 2011. They did not, however, join Sanadco's defenses in the Attorney General's suit against Sanadco for the collection of the delinquent taxes. When judgment granting the Attorney General's plea to the jurisdiction was entered on July 8, 2011, the live pleading, filed on June 7, 2011 as "Defendant, Counter-Plaintiffs Fourth Amendment and Counterclaim for Declaratory Judgment, Injunctive Relief and Compensatory Damages", alleged jurisdiction of their petition for judicial review pursuant to Gov't Code §§ 2001.171, 173, the validity claims pursuant to Gov't Code § 2001.038, and *ultra vires* claims pursuant to the UDJA. Each claimant alleged their current involvement in litigation before SOAH.

For almost four decades it has been unconstitutional to require compliance with the Chapter 112 prepayment requirements to petitions for judicial review of contested administrative proceedings. When discussing the constitutionality of the statutes authorizing judicial review of tax assessments, the supreme court held that "conditioning a taxpayer's right to initiate judicial review on the payment of taxes or the posting of a bond equal to twice the alleged tax obligation violates the open

courts mandate." *R Commc'ns, Inc. v. Sharp*, 875 S.W.2d 314, 314 (Tex. 1994). The prepayment provisions, the ban on declaratory judgments, "mean that a taxpayer is financially restricted in its ability to get to court." Id. at 317-18. Accordingly, the supreme court determined that section 112.108 is unconstitutional and void. *Id*. at 318. In *Weck v. Sharp*, 884 S.W.2d 153, 154 (Tex. 1994) the court determined that because the prohibition in section 112.108 against declaratory-judgment actions *and other similar remedies* was invalid, the trial court could consider the taxpayer's declaratory claim and remanded the case. Id.

This Court has emphasized this constitutional ruling on at least four occasions. *See Richmont Aviation, Inc. v. Combs*, 03-11-00486-CV (Tex.App.-Austin 9-12-2013) (reaffirming its prior decisions finding section 112.108 was unconstitutional); *Rylander v. Bandag Licensing Corp*., 18 S.W.3d 296 (Tex. App.-Austin 2000, pet. denied) (concluding that section 112.108 violated open-courts provision and imposed unreasonable financial barrier to court access even though it excused prepayment for indigent taxpayers); *FM Express Food Mart, Inc. v. Combs*, No. 03-12-0144-CV, 2013 Tex. App. LEXIS 2744, at *17 n.6 (Tex. App.-Austin Mar. 15, 2013, no pet.) (mem. op.) (stating that this Court previously determined that amended version of section 112.108 was unconstitutional); *Local Neon Co. v. Strayhorn,* No. 03-04-00261-CV, 2005 Tex. App. LEXIS 4667, at *17 n.6 (Tex.

App.-Austin June 16, 2005, no pet.) (mem. op.) Page-11 (relating that Comptroller "concedes on appeal that this Court held section 112.108 unconstitutional").

This court has not wavered from this conclusion, even after *In re Nestle* was decided. In footnote 2 of *Richmont*, it stated:

> Specifically, the Comptroller urges that the supreme court overruled *Bandag* in *In re Nestle USA, Inc.*, 359 S.W.3d 207 (Tex. 2012). *In Nestle, the court did discuss the restrictions imposed by section 112.108* and also discussed the amendment to the provision excusing prepayment in certain circumstances. *Id.* at 210-11 & n.38. . . However, *the court did not mention Bandag* or our determination that the amended version was also unconstitutional, nor did the court expressly state that the amendment cured the constitutional infirmity. See *id.*; see also *FM Express Food Mart, Inc. v. Combs*, No. 03-12-0144-CV, 2013 Tex. App. LEXIS 2744, at *17 n.6 (Tex. App.-Austin Mar. 15, 2013, no pet.) (mem. op.) (explaining that although supreme court in Nestle explained that statute was amended in response to determination that statute violated open-courts provision, supreme court "did not address whether it did so successfully"). ***Accordingly, we do not agree with the Comptroller's assertion that our determination in Bandag has been overruled.***

In the instant decision this court acknowledged that Chapter 112 was not applicable to the counter-plaintiffs suits in footnote 10 where it was noted that the decision was limited "to cases in which a taxpayer seeks relief from a tax assessment *that has become a final liability and is no longer subject to review through administrative procedures*; . . ."

Here, unlike Sanadco, each of the counter-plaintiffs alleged that they were currently engaged in the administrative process and awaiting a hearing before

SOAH. They also alleged that the court had jurisdiction over their petitions for judicial review subject to the results of the administrative proceedings. Accordingly, there was no final liability determination, and the cases remained subject to review through administrative procedures and should have been excluded from the Chapter 112 requirements according to the court's own language. *See, Subaru of America v. David McDavid Nissan*, 84 S.W.3d 212, 224 (Tex. 2002).

In support of this limitation, the court cited *Texas Entm't Ass'n, Inc. v. Combs*, 431 S.W.3d 790, 795 (Tex. App.—Austin 2014, pet. denied) (citing *Combs v. Texas Entm't Ass'n, Inc.*, 287 S.W.3d 852, 864-65 (Tex. App.—Austin, 2009), *rev'd on other grounds*, 347 S.W.3d 277 (Tex. 2011)) (on remand, citing with approval its previous opinion holding that *declaratory-judgment action challenging constitutionality and implementation of new tax statute was not preempted by Chapter 112 of Tax Code*); *Combs v. Entertainment Publ'ns Inc.*, 292 S.W.3d 712, 723 (Tex. App.—Austin 2009, no pet.) (affirming trial court's denial of plea to jurisdiction in suit in which taxpayer sought declaratory and injunctive relief *to prevent Comptroller from implementing allegedly invalid rule*).

Footnote 10 further declared that "*we do not hold that Chapter 112 preempts every suit challenging a Comptroller rule or tax statute's constitutionality*. *See also, In re Nestle*, footnote 39:

> Petitioners do not argue that the limitations of these actions is unconstitutional, as did the taxpayers in *R Communications*, 875

S.W.2d at 314-315. Nor do petitioners contend that an ultra vires suit against the Comptroller is outside chapter 112's provisions. See *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).

These are the precise allegations raised in counter-plaintiffs' petitions which challenged the validity of AP92 and AP122, and the constitutionality of various tax statutes, as well as the comptroller's ultra vires conduct. Other courts have likewise limited the application of *Nestle*, see, [Montrose Mgt. Dist. v. 1620 Hawthorne, Ltd](.), 435 S.W.3d 393, 410-11; fn. 16 (Tex.App.-Houston [14th Dist.] 2014) (Nestle does not apply to ultra vires claims)

Moreover, *In re Nestle* did not overrule *R Commc'ns, Inc.* and its progeny because the constitutionality of Chapter 112 was never raised by the parties, and was not referred to at all by the Court. The issue before the court was the constitutionality of the Franchise Tax Act and its jurisdiction to hear the claim, not Chapter 112. Though Chapter 112 was referred to in the decision and played a major role in the holding, there was no occasion for the court to rule on its constitutionality absent the issue being raised by one of the parties.

The court's decision, however, erroneously tied Sanadco's conduct to that of the counter-plaintiffs to their detriment, including them in its conclusion that Sanadco had "sought injunctive relief from liability for the tax *long after completion of the administrative process* and the *deficiency assessment had become final*. None of these conclusions fit the circumstances surrounding the counter-petitioners who

should have been included in the court's distinguishing factors as one of "those cases in which the taxpayers sought declarations of the validity or constitutionality of rules and statutes and their threatened enforcement prior to finality of an agency determination." (Footnote 10).

Accordingly, the court was in error by requiring compliance with Chapter 112 to establish its jurisdiction and should reverse its ruling requiring compliance with Chapter 112 as to these plaintiffs and remand the cause to the trial court for further proceedings as appropriate.

**II. The Court failed to recognize the individual claims of each party joining the Sanadco counter-petition and erroneously attributed Sanadco's deficiencies to the counter-plaintiffs.**

The counter-plaintiffs joined Sanadco's counterclaims as permissive and class-action plaintiffs. Tex. R. Civ. Proc. Rules 40; 42; 97 (f). Their claims, however, remain separate and apart from other joining parties' claims and judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities. Tex. R. Civ. Proc. Rule 40. They need not be interested in obtaining or defending against all the relief demanded. *Id.*

Rule 40 (a) provides that "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or

occurrences and if any question of law or fact common to all of them will arise in the action". *In re Union Carbide Corp*., 273 S.W.3d 152, 155 (Tex.2008) ("Permissive joinder relates to proper parties to an action who may be joined or omitted at the pleader's election."). Rule 97 (f) provides that persons other than those made parties to the original action may be made parties to a counterclaim in accordance with the provisions of Rule 40. *Bennett v. Grant,* 03-11-00669-CV (Tex.App.-Austin 3-20-2015). As class-action plaintiffs, Rule 42 permits a class claimant to represent the claims of other similarly situated plaintiffs if, inter alia, "there are questions of law, or fact common to the class, [and] the claims or defenses of the representative parties are typical of the claims or defenses of the class. . ."

The Attorney General made no objection to the joinder, nor has he claimed that the initial petition failed to invoke the court's jurisdiction and neither has this court except for the claims relating to compliance with Chapter 112. Accordingly, there is no bar to considering the cross-plaintiffs' claims as those entitled to be treated in accordance with the joinder provisions. *Tex-Hio Part. v. Garner*, 106 S.W.3d 886 (Tex.App.-Dallas 2003). Even if the court should determine that joinder is improper for some reason, dismissal of the improperly joined claims is improper. Rule 41. Instead, the improper party "may be severed and each ground of recovery improperly joined may be docketed as a separate suit between the same parties". *Id*.

Accordingly, this court should reverse its decision intimating that the counter-plaintiffs' claims were denied because of their failure to pursue administrative procedures, and remand the cause for further proceedings.

**III.  The Court erred when it determined that Chapter 112 deprived it of jurisdiction of the cross-plaintiffs' rule validity claim filed pursuant to Government Code § 2001.038**

Section 2001.038 is a grant of original jurisdiction and waives sovereign immunity. *Tex. Logos, L.P. v. Tex. Dep't of Transp*., 241 S.W.3d 105, 123(Tex.App.-Austin 2007, no pet.); *Tex. Dep't of Human Servs. v. ARA Living Ctrs. of Tex., Inc*., 833 S.W.2d 689, 693 (Tex.App.-Austin 1992, writ denied). The section also provides that "[a] court may render a declaratory judgment without regard to whether the plaintiff requested the state agency to rule on the validity or applicability of the rule in question." Tex. Gov't Code Ann. § 2001.038 (d).

The Texas Supreme Court has held that an action for declaratory relief is permissible, even during the pendency of an administrative proceeding, when the issue is whether the agency is exercising authority beyond its statutorily conferred powers. *See City of Sherman v. Public Util.  Comm'n*, 643 S.W.2d 681, 683 (Tex. 1983).  Further, the statutory language emphasized above clearly implies that section 2001.038 permits a plaintiff to bring a declaratory-judgment action challenging the validity of an agency rule even after the initiation of administrative proceedings.

Section 2001.038 waives sovereign immunity to the extent of creating a cause of action for declaratory relief regarding the validity or applicability of a rule if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." Tex. Gov't Code Ann. § 2001.038(a); see *Texas Logos, L.P. v. Texas Dep't of Transp.*, 241 S.W.3d 105, 123 (Tex.App.-Austin 2007, no pet.) ("Section 2001.038 is a grant of original jurisdiction and, moreover, waives sovereign immunity"). Claims under section 2001.038 invoke the district court's subject-matter jurisdiction if properly pled. Determining whether the plaintiffs have done so, unlike with the analysis of *ultra vires* claims, does not require the court to delve into the merits of the claims, *see Texas Dep't of Pub. Safety v. Salazar*, 304 S.W.3d 896, 903 (Tex.App.-Austin 2009, no pet.) — nor would such an inquiry be proper. *See Bland Indep. Sch. Dist.*, 34 S.W.3d 547; *Hendee*, 228 S.W.3d at 366.

Plaintiffs have alleged that AP92 and AP122 are invalid and unenforceable rules because they are of general application to convenience store audits, and they implement and prescribe agency policy, but were implemented without compliance with the APA notice and comment requirements. These factual allegations suffice to invoke the district court's subject-matter jurisdiction *if* the memos are rules within the meaning of the APA. *See, e.g., Combs v. City of Webster*, 311 S.W.3d 85, 100-01 (Tex.App.-Austin 2009, pet. denied) (recognizing that "[t]o the extent that no rule

as defined by the APA is at issue, section 2001.038 does not provide any basis for the district court's jurisdiction over appellees' declaratory judgment action").

Plaintiffs' claims are buttressed by this court's holding in the first Sanadco case in which this issue was addressed where the court held, "we conclude that the directives in AP 92 and AP 122 are in fact rules. For that reason, we must also conclude that the district court had jurisdiction over Sanadco's claim that AP 92 and AP 122 were invalid rules and that, therefore, the district court erred by dismissing Sanadco's first counterclaim". *Sanadco, Inc. et. al. v. Texas Comptroller of Public Accounts, et. al.,* No. 03-11-00462-CV (Tex. App.—Austin, September 26, 2013). Although this court reversed that decision on other grounds, the reasoning in this case gives a strong basis for the conclusion that the memoranda are rules, and the district court's jurisdiction was therefore invoked by plaintiffs' claim.

Aside from the unconstitutionality of Chapter 112's prepayment requirements, plaintiffs further assert that suit under Section 2001.038 is not a suit filed under Chapter 112 because its purpose is to determine the validity of the audit procedure, and not to challenge the propriety of a tax assessment, potentially bringing it into the purview of Chapter 112. See, Combs v. Entertainment Publications, Inc., 292 S.W.3d 712 (Tex. App. 2009) ("Entertainment did not seek declaratory relief regarding the tax itself, but regarding the *validity of the rule* promulgated by the Comptroller in violation of the APA, for which the legislature

has expressly permitted suit by a declaratory-judgment action"). Since suit pursuant to Section 2001.038 is pursuant to an original grant of authority, it is filed without regard to Chapter 112 mandates, and is therefore sufficient to invoke the court's jurisdiction without compliance with Chapter 112. Thus, the court should reverse its decision denying subject-matter jurisdiction and enter judgment on the plaintiffs' Section 2001.038 claims because there is no assertion by the Comptroller that he complied with the APA's requirements.

**IV. The Court erred when it determined that Chapter 112 deprived it of jurisdiction of Sanadco's defensive claims, because the collection suit was filed pursuant to Tax Code § 111.010 and not Chapter 112.**

Chapter 112 asserts jurisdiction over a taxpayer suit *brought under this chapter*. The collection suit against Sanadco was filed in Cause No. D-1-GV-10-000902 by the office of the Attorney General on July 6, 2010 in the 98th District Court of Travis County, Texas. The petition alleged that "venue and jurisdiction of this suit are *exclusively* conferred upon this Court pursuant to the Tex. Tax Code Ann. ("Tax Code"), Title 2 § 111.010 (Vernon Supp. 2001)." This section applies to state taxes imposed by this title *or by other laws not included in this title* except the state ad valorem tax on property. § 111.010 (b). The franchise tax is notably absent from the exceptions. Sanadco's suit seeking to challenge or avoid the comptroller collection action is governed by Tax Code § 111.0102 where venue and jurisdiction

is exclusively conferred on the district courts of Travis County. It is therefore not a suit brought under Chapter 112, and not subject to its prepayment requirements.

It has been long held that, "[W]here a state voluntarily files a suit and submits its rights for judicial determination it will be bound thereby and the defense will be entitled to plead and prove all matters properly defensive. This includes the right to make any defense by answer or cross-complaint germane to the matter in controversy." *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex. 2006); *Anderson, Clayton & Co. v. State ex rel. Allred*, 122 Tex. 530, 62 S.W.2d 107, 110 (1933).

"It would be fundamentally unfair to allow a governmental entity to assert affirmative claims against a party while claiming it had immunity as to the party's claims against it. *See Guar. Trust Co. v. United States*, 304 U.S. 126, 134-35, 58 S.Ct. 785, (1938); *see also Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983) (stating that fundamental fairness requires parties to be heard on the merits of their cases). *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex. 2006).

The State of Texas has filed a suit for damages against the Plaintiffs and has therefore waived its sovereign immunity to the extent that these defenses and counterclaims are "germane to, connected with, and properly defensive to" claims that the State has asserted. The court's opinion curiously overlooks this long-held

legal principle and fails to assert that Sanadco's defenses and counterclaims are not germane, connected with, or properly defensive to the claims raised by this law suit, and must reverse its assertion of lack of jurisdiction.

Plaintiffs challenged Sanadco's claims and defenses on the grounds of sovereign immunity because they failed to comply with various statutory requirements of the Tax Code before seeking this relief. They assert that Sanadco's failure to comply with the requirements for filing a protest suit, a refund claim or an injunction, precluded Sanadco from seeking the remedies sought. This defense is without merit, however, in the context under which these claims have arisen and the legal basis upon which they have been brought because sovereign immunity is not implicated in any of the claims.

A suit asserting that a government officer "acted without legal authority" and seeking to compel the official "to comply with statutory or constitutional provisions" is an *ultra vires* suit that is not protected by sovereign immunity. *City of El Paso v. Heinrich,* 284 S.W.3d 366, 372 (Tex. 2009). They are not barred by sovereign immunity because they "do not attempt to exert control over the state." *Id*. Instead, the suits "attempt to reassert the control of the state." *Id*.; *Saenz*, 319 S.W.3d at 920. The supreme court recently expounded upon sovereign immunity in *ultra vires* cases in. *Heinrich* and *Texas Department of Insurance v. Reconveyance Services, Inc.* 284 S.W.3d 366 (Tex. 2009); 306 S.W.3d 256 (Tex. 2010) (respectively). The supreme

court determined that "while governmental immunity generally bars suits for retrospective money relief, it does not preclude prospective injunctive remedies in official-capacity suits against government actors who violate statutory or constitutional provisions." *Heinrich*, 284 S.W.3d at 368-69.

In Heinrich, the supreme court confirmed that "suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money." *Heinrich*, 284 S.W.3d at 372. *Reconveyance*, 284 S.W.3d at 434. Moreover, if valid challenges to the agency's rules under the APA are raised, then it is not necessary to determine whether the Appellees have properly alleged *ultra vires* claims because the trial court's subject-matter jurisdiction is established by section 2001.038 of the APA. See Tex. Gov't Code Ann. § 2001.038; *Combs v. Entertainment Publ'ns, Inc.*, 292 S.W.3d 712, 720 (Tex. App.-Austin 2009, no pet.). Section 2001.038 is considered a legislative grant of subject-matter jurisdiction, so that valid claims raised pursuant to that provision are not barred by sovereign immunity. *Id.*; *Tex. Dept. of Pub. Safety v. Salazar*, 304 S.W.3d 896 (Tex. App. [3rd] 2010).

Sanadco has alleged a valid claim against the State under 2001.038 for its violations regarding AP 92 and AP 122. *Sanadco, et al v. Office of the Comptroller of Public Accounts, et al*, No. 03-11-00462 (Austin App.) (Sept. 26, 2013). He has also alleged valid *ultra vires* claims asserting the Comptroller's failure to perform

purely ministerial acts, and engaging in conduct which exceeded its statutory authority. Consequently, the State's immunity is not impacted by these proceedings.

The court finds that it does not have jurisdiction over Sanadco's constitutional, *ultra vires*, and validity claims because they were not raised in an administrative proceeding before the State Office of Administrative Hearings (SOAH) though SOAH has previously held that it does not have jurisdiction over these claims. See, Comp. Hearing No. 109,293 (Oct. 31, 2014); Comp. Hearing No. 106,516 (Nov. 29, 2012); Comp. Hearing No. 105,002 (Oct. 19, 2011). To bring these issues before SOAH without any expectation of a ruling from the comptroller, would have constituted engaging in a useless act, which litigants are not required to do. See, *Comunidad Corp. v. State*, 445 S.W.3d 401 (Tex.App.-Houston [1st Dist.] 2013).

In APA section 2001.038, the Legislature has waived sovereign immunity to the extent of creating a cause of action for declaratory relief regarding the "validity" or "applicability" of a "rule," as defined under the Act. Tex. Gov't Code Ann. § 2001.038(a); *see Texas Logos, L.P. v. Texas Dep't of Transp.*, 241 S.W.3d 105, 123 (Tex.App.-Austin 2007, no pet.) (holding that "section 2001.038 is a grant of original jurisdiction and, moreover, waives sovereign immunity").

To determine whether appellees have asserted a valid *ultra vires* claim that invokes the district court's subject-matter jurisdiction, we would construe the

provisions of the tax code and UCR Act that define the scope of the Comptroller's legal authority, apply them to the facts that Sanadco has alleged, and ascertain whether those facts constitute acts beyond the Comptroller's legal authority. *See Heinrich*, 284 S.W.3d at 372-73 (ultra vires suit "must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act"); *Creedmoor-Maha Water Supply Corp v. Texas Commission on Environmental Quality)*, 307 S.W.3d 505 at 516 n. 8 (quoting *Hendee v. Dewhurst*, 228 S.W.3d 354, 368-69 (Tex. App.-Austin 2007, pet. denied) (when analyzing whether plaintiff has alleged ultra vires acts, we construe the relevant statutory or constitutional provisions that define the governmental actor's discretionary authority, apply the provisions to the pled and un-negated facts, and determine whether those facts fall within or outside that authority). Appellants emphasize that they explicitly pled that the Comptroller acted "ultra vires" or contrary to his legal authority. To this extent, the jurisdictional inquiry with respect to appellees' purported *ultra vires* claims would substantially overlap with the claims' merits. *Id*. at 516 n. 8.

Accordingly, Sanadco's constitutional and ultra vires claims are not barred by sovereign immunity or the requirements of Chapter 112 and the court has jurisdiction of such claims.

## CONCLUSION

The court's opinion that jurisdiction over Appellants' claims is predicated upon compliance with Chapter 112 is clearly erroneous and must be reconsidered. *R. Communications, Bandag* and *Richmont* retain their vitality and were not overruled by *In re Nestle* as this court now seems to intimate, contrary to its prior decisions on this issue. The court's assessment that *Nestle* did not overrule these decisions because "the court did not discuss the restrictions imposed by section 112.108," or the effect of the subsequent amendments, remains a valid evaluation. Put simply, the constitutionality of Chapter 112 was not revisited in *Nestle* because the issue was not raised by either party, thus any decision addressing its constitutionality would have been a prohibited advisory opinion.

The Nestle court said as much in footnote 39 where the court expressly noted that neither the constitutionality of Chapter 112 or its application to ultra vires claims was raised.

The application of the opprobrious and prohibitive requirements of Chapter 112 remain an unconstitutional burden on the plaintiffs' access to the courts, and must be reconsidered.

## PRAYER

Appellants pray this Honorable Court to reconsider its opinion on rehearing and to reverse and render its decision regarding the validity of the audits, and to remand the remaining claims to the trial court for further proceedings.

Respectfully submitted,

*Law Office of*
*Samuel T. Jackson*
__/s/ Samuel T Jackson
Texas Bar No. 10495700

PO Box 170633
Arlington, TX 76003-0633
Tel: (512) 692-6260
Fax. 866 -722-9685
jacksonlaw@hotmail.com
ATTORNEY FOR APPELLANTS

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i) (2) (D), because it contains 4,484 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1), as counted by the computer program used to prepare this document.

__/s/ Samuel T. Jackson__
SAMUEL T. JACKSON

# CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the above and foregoing instrument was served on the parties or their attorneys **via facsimile**, certified mail, return receipt requested, and/or hand delivery on May 11, 2015, in accordance with the Texas Rules of Appellate Procedure, to the following:

**JACK HOHENGARTEN**
Assistant Attorney General
FINANCIAL LITIGATION DIVISION
P.O. Box 12548
Austin, TX 78711-2548
Tel: (512) 475-3503
Fax: (512) 477-2348/480-8327
Email: jack.hohengarten@oag.state.tx.us